Harrower *v.* Heath.

HARROWER *vs.* HEATH and COLE.

By a parol agreement between the plaintiff and H. and C. the former rented to the latter a farm, for one year, H. and C. agreeing to pay one half of the products of the farm, by way of rent. After the crops were put in, C. and one G. applied to the plaintiff for his consent that G. should buy C.'s interest in the crops, and take his place under the lease, and work the land. The plaintiff consented to the substitution of G. for C., and subsequently, in various ways, recognized and ratified the arrangement. *Held* that this was a valid arrangement, binding upon all the parties to it, and that its effect was to release Ø. from all liability or obligation to the plaintiff, under the original agreement.

*Held also,* that by the original agreement the plaintiff and H. and C. became tenants in common both of the farm and of the crops, &c. until G. was substituted in the place of C.; and that after the substitution the tenancy in common continued between the plaintiff and H. and G. to the end of the year.

Where there is a technical informality in the method of claiming a set-off, in an answer, the court may, after judgment, permit the answer to be amended, under § 173 of the code, so that it shall present the claim of set-off in proper form.

APPEAL from a judgment entered on the report of a sole referee. The action was brought upon a parol agreement between the plaintiff and the defendants, whereby, as the first count of the complaint stated, the plaintiff agreed to let and rent to the defendants a certain farm of about one hundred acres, situated in the town of Painted Post, in the county of

Steuben, for one year commencing the first day of April, 1851. The defendants were to cultivate the farm in a farmerlike manner, to the best of their skill and ability, at their own cost and charges, and to keep the old fences in repair without charge, but the plaintiff was to furnish materials and to pay the defendants a fair compensation for erecting all the new fences that might be found *to be* necessary. The defendants were to furnish all seed grain, but the plaintiff was to furnish all the grass seed, if any should be required. The taxes to be equally divided between the parties, and in lieu of money rent, the defendants agreed to deliver to the plaintiff one equal half of all the products of said farm, the small grain in the granary, the corn in the ear in the crib, the hay and stalks to be stored or stacked equally with their own, and the potatoes in the cellar. It was further agreed that no straw should be sold or carried off the farm by either party; the plaintiff was to be entitled to shelter for his own cows, and stable room for the occupants of certain buildings, &c. and should have one half of the grass during the season of pasture, or one half of the products of the pasture, should stock be taken in; and that each party should pay one half the expense of whatever should be required for the farm; and finally, the defendants agreed to surrender peaceable and quiet possession of the premises to the plaintiff, or his lawful attorney, on the expiration of the year, &c.

The plaintiff assigned as breaches of the agreement, that the defendants occupied and used the said premises during the time specified in the agreement, yet that they had neglected and refused to cultivate the farm in a farmerlike manner, or to keep the old fences in repair, or to find all the seed grain, or to pay any part of the taxes, or to deliver to the plaintiff the equal one half of the products of the farm, as specified and provided in the agreement, or to give the plaintiff one half of the pasture or the products thereof, or to pay one half of the expense of plaster required on said farm, and contrary to said agreement carried away and sold the straw from said farm, and cultivated the same in an unskillful and unfarmerlike manner, and carelessly and negligently suffered and permitted cattle, horses and hogs to

Harrower *v.* Heath.

get into the crops of said farm and injure and destroy the same; by reason of which said breaches of the agreement, the plaintiff claimed that he had sustained damages to one hundred and fifty dollars. There was another count in the complaint, for goods, chattels and personal property sold and delivered, &c. money lent and advanced, paid, laid out and expended, &c. and money had and received, &c. The defendants answered separately, setting up various matters of defense, which sufficiently appear in the opinion.

The referee made a special report, by which he found that on or about the first of April, 1851, the plaintiff and defendants entered into the agreement substantially as stated in the complaint. That in pursuance of the said agreement the defendants went into the occupation of said farm and put in spring crops, corn, spring wheat, oats and potatoes. That after said crops were put in and about the last of June or first of July of the same year, the defendant Cole and one George W. Gorton applied to the plaintiff for his consent that the said Gorton should buy Cole's interest in the crops, and take his place under the lease and work the land; that the plaintiff consented to the proposed arrangement by saying that he had no objection to it. That Gorton thereupon purchased Cole's interest under the lease, and went into possession of the farm, in Cole's place. That by agreement between Cole and Gorton, Cole reserved the house on the farm which he occupied, and continued to occupy it during the summer. That Gorton moved into the mansion house on said farm, in pursuance of a previous arrangement which he had made with the plaintiff to do so. That in pursuance of the arrangement that he should occupy in the place of Cole, Gorton and the defendant Heath from that time cultivated the farm, cut and secured the hay and harvested the crops; Gorton at different times delivering to the plaintiff potatoes, in an equal division thereof between him and the plaintiff, worth forty-four dollars. That the corn stalks produced on said farm, were, in like manner as the hay, stored and stacked, no actual division thereof having been made, except as between Heath and Gorton. That Heath subsequently used

and disposed of the hay secured and stored by him, and that the half or portion thereof belonging to the plaintiff was worth ten dollars and fifty cents. That the plaintiff purchased one ton of plaster to be used on said farm, and paid therefor $4.50, one half of which, by the terms of agreement to be paid by the defendants, was $2.25. That the plaintiff paid $12.56 taxes, one half of which, by the terms of the agreement to be paid by the defendants, was $6.28. That the defendants built about 120 rods of new fence on said farm during the time they occupied it together, and before Gorton bought out Cole, worth $40. That the defendants performed services for the plaintiff in rafting down lumber and in drawing lumber at the plaintiff's request, for the purpose of building new fence on said farm, worth $12. That of the products of the farm and after the expiration of the year, Gorton settled with the plaintiff in respect to one half of such actual products for the year. That Gorton had used on his own account half the stalks produced on the farm, and in his settlement with the plaintiff, accounted for one half thereof at $5, or $6, and paid the plaintiff for the same. That Gorton, in his settlement with the plaintiff, also accounted to him for one half of the hay cut, by Gorton having sold five or six tons which would have belonged to the plaintiff in an equal division between the plaintiff and the said Gorton. That the defendants had failed to keep and perform their agreement with the plaintiff in several particulars ; (1.) They had not paid the twenty-five dollars agreed by them to be paid for the rent of the house near the toll bridge. (2.) They did not cultivate the farm in a farmerlike manner, according to the best of their skill and ability, but on the contrary thereof, neglected to plant a certain eight acre field of corn in proper season, and planted the same too late, whereby there was a loss or deficiency in the crop of 139½ bushels of ears of corn, worth 31¼ cents a bushel, and whereby the plaintiff sustained damage to the amount of twenty-one dollars and seventy-nine cents. (3.) Injury was done to the crops of oats by the horses of the defendant Heath, after the said Gorton bought out the defendant Cole and took his place, by reason of Heath negli-

gently suffering them to break into the oat field, to the amount of four dollars and sixteen cents, whereby the plaintiff sustained damage to the amount of two dollars and thirty-four cents. (4.) That injury was done to the corn crop, after Gorton had bought out Cole and took his place, by reason of said Heath negligently suffering hogs to run in the corn field, to the amount of four dollars and six cents, whereby the plaintiff sustained damage to the amount of two dollars and three cents. (5.) That of the corn raised on said farm, Heath, after Gorton bought out Cole and took his place, kept and converted to his own use eighty-eight bushels of ears of corn to which the plaintiff would have been entitled to an equal division, according to the terms of the lease, the same having never been delivered to the plaintiff, worth twenty-seven dollars and twenty-seven cents. (6.) That the hay produced on said farm was stored and stacked on the farm, but no division thereof was made, except as between Gorton and Heath, each of whom cut, secured and stacked what was estimated as one half. That subsequently, Heath converted to his own use $5\frac{1}{2}$ tons of hay, to which the plaintiff would have been entitled.

The referee then found as conclusions of law from the foregoing facts, as follows : " (1.) That the plaintiff can only maintain his separate action against Heath alone, for the share of hay and stalks, and not a joint action against the defendants, and is therefore not entitled to recover for those items in this suit. (2.) That as respects crops under the agreement, the plaintiff and defendants were tenants in common, and that the plaintiff cannot sustain this action for the non-delivery of the share to which he was entitled. (3.) That by reason of the consent of the plaintiff that Gorton should buy of Cole, and take his place under the lease, and by reason of Gorton so buying out and taking the place of Cole, and the plaintiff subsequently accounting with Gorton for a portion of the products of the farm, the said Cole was discharged from liability under the lease, and the plaintiff cannot sustain his action against the defendants on the lease. (4.) That the plaintiff sustains his action for the item of $12, for hay sold to the defendants. (5.) That the defendant cannot

recoup or offset againt the plaintiff's demand the value of their services in making new fence on said farm, estimated at $40, the same having become the property of the said Heath and the said Gorton, by virtue of the transaction between the plaintiff and the said Cole and Gorton. (6.) That the defendants are entitled to offset their services in procuring lumber to build new fence, estimated at $12, against the plaintiff's demand of $12 for hay sold the defendants. (7.) That the defendants are entitled to judgment for costs."

Judgment was entered on this report, from which the plaintiff appealed.

*George T. Spencer*, for the plaintiff.

*H. M. Hyde*, for the defendants.

*By the Court*, WELLES, J.   The only question of any importance in this case is, whether the defendant Cole is discharged from liability under the agreement entered into between the plaintiff and defendants.   The referee finds that after the spring crops were put in by the defendants, and about the last of June or first of July of the year which the farm, by the agreement, was to be worked by the defendants, the defendant Cole, and Gorton, applied to the plaintiff for his consent that Gorton should buy the interest of Cole in the crops, take the place of Cole under the lease and work the land.   That the plaintiff gave his consent to the proposed arrangement, by saying he had no objection to it.   That thereupon Gorton purchased Cole's interest under the lease and went into possession of the farm in Cole's place.   After that, it appears that Gorton, together with the defendant Heath, went on and cultivated the farm together, and that the plaintiff recognized Gorton as occupying the place of Cole under the agreement made with the defendants.   The substitution of Gorton for Cole in the agreement was assented to by the plaintiff, not only before the arrangement between them for that purpose was consummated, but was in various ways recognized and ratified by him, afterwards.

It would be rank injustice to allow the plaintiff, after all this, and after the expiration of the time for which the agreement was to continue, to repudiate the substitution and hold Cole to any liability under it. The arrangement was a reasonable and lawful one, and no good reason appears why the parties should not be compelled to observe it. The original agreement was by parol, and so was the arrangement by which Gorton was substituted in the place of Cole. There is no rule of law at variance with this substitution, and in my opinion, all the parties are bound by it. Its effect was to release Cole from all liability or obligation to the plaintiff, under the original agreement. Such was manifestly the intention of the plaintiff, as well as of Cole and Gorton. If a lessee assign over the lease and the lessor accept the assignee as his lessee, an action of debt will not lie against the original lessee. (*Auriol* v. *Mills*, 4 *D. & E.* 98.) The rule was different in respect to sealed leases containing express covenants, where the obligations of the lessee under the covenants would, in some cases, continue.

But here was nothing but a parol agreement for cropping, by which the plaintiff and defendants became tenants in common both of the farm and the crops, &c. until Gorton was substituted in the place of Cole, and after that the tenancy in common continued between the plaintiff, Heath, and Gorton, to the end of the year. (*Putnam and others* v. *Wise*, 1 *Hill*, 234.) The present case cannot be distinguished, in that respect, from the one last cited, which in effect overrules *Stewart* v. *Doughty*, (9 *John.* 108.)

The referee finds that the plaintiff sustains his action for hay sold the defendants to the amount of twelve dollars, and offsets against that claim a demand of the same amount which the defendants are entitled to for their services in procuring lumber to build new fence upon the farm. It is fair to infer that these services were not rendered under the agreement for cropping the farm, as they are not provided for in that agreement, and in that view it would seem the offset is proper.

The plaintiff's counsel contends that no set-off is admissible under the answers, and this objection was taken before the referee.

HARVARD LAW SCHOOL LIBRARY.

---

---

eree.  The answer of the defendant Heath claims a set-off in his own favor for work and labor, &c. and not in favor of himself and Cole ; and the answer of the defendant Cole does not claim any set-off whatever.   Heath's answer precludes the idea of any surprise on the part of the plaintiff; and assuming that there is a technical informality in stating the set-off, we think this is a case provided for by § 173 of the code, where the court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding by striking out the name of any party, &c. or where the amendment does not change substantially the claim or defense, *by conforming the pleading or proceeding to the facts proved.* We think the answers may now be so amended as to present, in proper form, the claim of this set-off, and then the report be allowed to stand and the judgment affirmed.

Ordered accordingly.

[Monroe General Term, March 5, 1855. *Johnson, Welles* and *T. R. Strong,* Justices.]