WALDMAN *v.* BRODER, (SHERIFF,) LEWIS MAHONEY, AND ANN MAHONEY.

In an action of replevin by W., it appeared, on the trial, that the property sued for belonged to him and one F., a third party, and the jury returned a general verdict for the defendants, and the Court gave judgment for a return of the property to the defendants : *Held*, that there was no error in the judgment.

The legal effect of finding for the defendants, on the question of the plaintiff's right to the property, was to entitle the defendants, from whom the property was taken, to its restoration.

Where the execution-debtor owns property jointly with another, a sheriff, who has such execution, has the right to levy on such property, and take it into possession, for the purpose of subjecting it to sale.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

This was an action brought by appellants against defendants, for the recovery of specific personal property, which had been taken by Broder, as sheriff, in execution, at the suit of the defendants Mahoneys, against Freedman and Frank; Waldman, a third party, claimed the property, and brought this action, by way of replevin, to recover the same from the sheriff, Broder, who, in his answer, justified the taking under the execution.

On the trial, it turned out, as the jury found, that the property belonged to Waldman, the plaintiff, and Isaac Frank, one of the execution-debtors.

The Court charged the jury to the effect, that if they found that the plaintiff and Frank were owners of the property as partners, or joint-owners of it in any other capacity, the plaintiff Waldman could not recover in this action, and that they must find for the defendant, and they brought in a verdict generally for defendants.   Appellants moved for a new trial, which motion was denied.   Judgment was given against plaintiff for return of the property and costs of suit, from which judgment, plaintiff appealed to this Court.

*S. B. McKee* for Appellant.

1. The judgment of the District Court in this cause, is contrary to law, and not in conformity to the verdict of the jury. Practice Act, §§ 197, 177, 200; Ross v. Austil, 2 Cal. Rep., 192; Nickerson v. Chatterton, 7 Cal. R., 568.

2. The Court erred in refusing a new trial.   Wright v. Bennet, 3 Barbour's Rep., 451.

*Clarke and Pease* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

We think there is no error in this record to the prejudice of the appellant; the jury having found a general verdict for the defendant in this action of replevin.   The property, which had, under the previous proceedings, been taken from the defendants, was properly directed by the Court to be returned to the defendants.   This right of return is not necessarily, or, perhaps, at all dependent upon any finding of the jury to that effect; but results as matter of right in the plaintiff, and a conclusion of law from the verdict for defendants.   It is the right of the Court to state this legal conclusion as a portion of its judgment.   The legal effect of a finding for the defendants on the question of the plaintiff's right to the property, is to entitle the defendants, from whom it was taken, to its restoration.   Nor is there anything in the failure to give an alternative judgment for the value of the property.   This omission might be complained of by defendants

if they had shown the value; but it is no ground of complaint on the part of the plaintiff.

The question as to the ownership of the property was left to the jury, and they were properly instructed that if the plaintiff and Frank owned the property in partnership, or as joint-owners, the plaintiff could not recover. It is clear that the plaintiff could not recover *in replevin* unless the title was in himself; and if the defendant, as sheriff, levied on the property while it was the joint property of plaintiff and Frank, (against the latter of whom he had an execution,) this is a justification to him. He had a right to levy on it, and take it into possession, for the purpose of subjecting it to sale. It is not necessary, in this form of action, to inquire what rights the purchaser at sheriff's sale would acquire by the purchase.

The judgment of the Court below is affirmed.