## KNOX AND REQUA v. MARSHALL.

WHERE two persons enter into a contract to work a farm on shares—the one to furnish the land, teams and seed, the other to sow and harvest the grain and cut the hay, the hay and grain when harvested to be equally divided between them—they become tenants in common of the grain and hay, until a division be made. Each is entitled to possession of the whole, as against all persons except his cotenant, and can maintain an action for its recovery.

Where, in such case, one of the tenants in common gave to his creditor an order on his cotenant—who furnished the land, teams and seed—for the possession of all the right, title and interest of the drawer in the hay and grain then on the farm : *Held*, that the order to deliver possession to the creditor only authorized a possession in connection with the cotenant ; but that the latter, having consented to a delivery of the sole possession to the creditor, and he having taken such sole possession, the creditor was entitled to hold possession of the whole crop to the exclusion of third parties ; and that other creditors of the drawer of the order cannot complain that the drawee has not sufficient title or interest in the hay and grain to maintain an action for its possession.

Where a stranger to an execution is in possession of personal property, claiming it as his own by virtue of such a transfer to him from the execution debtor as would prevent the latter himself from retaking possession, whether the transfer be by sale or pledge, a Sheriff cannot justify a seizure of the property under the writ without producing both the writ and the judgment.

Hence, where, in such case, the execution creditor causes the property to be seized by the Sheriff, and claims that the transfer from the debtor to the stranger to the writ was fraudulent and void, and made to hinder, delay and defraud creditors, and on the trial, having put in evidence the execution but not the judgment, offers evidence to show that the transfer was made for that purpose : *Held*, that the evidence was properly rejected—the judgment not being produced.

*Query :* whether such evidence was admissible in this case under the defective allegations of the answer.    See facts.

APPEAL from the Sixth District.

The facts appear in the opinion of the Court.    Defendant appeals.

*Geo. R. Moore*, for Appellant.

I.    The plaintiffs had no such title to or interest in the hay sued for, at the commencement of this action, as will entitle them to maintain an action for its possession.    It was owned by Brown & Barnes as partners or part owners, and was undivided. (*Adams* v. *Gorham*, 6 Cal. 71.)

40

II.   The Court erred in excluding the evidence of fraud, offered by defendant to show that the order under which plaintiffs claimed to have obtained possession of the hay was obtained for the purpose of hindering, delaying and defrauding the creditors of Barnes, including those for whom defendant, as Sheriff, levied execution. (Stat. of Frauds, sec. 23 ; *Billings* v. *Billings*, 2 Cal. 107 ; *Wellington* v. *Sedgwick*, 12 Id. 470 ; *Landecker* v. *Houghtaling*, 7 Id. 391.)

*R. C. Clark*, for Respondents.

I.   The defendant has not placed himself in a position to contest plaintiffs' right to the hay in controversy.   This hay was pledged by Barnes to plaintiffs by the instrument of October 1st, 1859, or was assigned and transferred to them by his order of the eighth, and was in the possession of plaintiffs, as found by the jury and as the proof shows.

As between Barnes and plaintiffs, this transaction was valid and binding, and can only be attacked for fraud by a creditor of Barnes who has obtained judgment and taken out execution.   No judgments against Barnes were offered in evidence in this case, and none such were shown to exist, except by the mere introduction of the execution, but this, as against a stranger to the execution, is insufficient.   (*Thornburgh* v. *Hand*, 7 Cal. 554 ; *Paige* v. *O'Neal*, 12 Id. ; *Bickerstaff* v. *Doub*, 19 Id. 109.)

II.   The Statute of Frauds is not applicable to a case like this. This hay was the joint property of Barnes & Brown, and had not been divided.   In *Walling* v. *Miller* (15 Cal. 40) this Court says : " The statute has no application to a case like this.   The property was joint.   Carpenter had no defined and exclusive interest in any part, but merely a common interest in all with his partners ;  *  * it required division before any particular portion of the coin became the property of any one of the partners.   The right of Carpenter was a chose in action, which he could assign in any legal mode. He could assign it by order in favor of the purchaser or assignee." 

So with this hay.   It required division before any portion of it became the property of either partner.   The right of Barnes could be assigned in any legal manner.   He did pledge it to respondents

and notified his partner, Brown, of the fact, and though, under the circumstances, possession in respondents was not necessary, yet the partner of Barnes and with his assent did put plaintiffs in possession of the whole hay.    This order from Barnes to Brown on the eighth of October, to put plaintiffs in possession of the hay, taken in connection with the agreement of the first of October, operated as an assignment of Barnes' interest, and under it the plaintiffs, on the same day, took possession.

III.    The point that the hay being owned by Brown & Barnes as partners, and being undivided, the action cannot be maintained, is not tenable.    The action is brought for all of the hay on the ranch. The Sheriff levied on the whole hay, or Barnes' interest in the whole, for he could not levy in any other way.    Brown testified and the jury found that plaintiffs were placed in possession of all the hay on the ranch.    Having an interest in every particle of the hay, they had, as against everybody but Brown, the right to the possession of the whole.    With his consent they had the undoubted right to the possession of the whole.    Brown did consent ; for he was the person who placed them in possession.

IV.    The Court did not err in refusing to admit the testimony offered to prove fraud in the transaction.    There is no sufficient allegation of fraud in the answer.    The allegation is in these words : " Defendant says that the pretended claim and ownership of plaintiffs to said hay is fraudulent and void ; that it is an attempt on their part to hinder, delay and defraud creditors of said Richard Barnes, to wit: McDonald & Co.," &c.

In *Meeker* v. *Harris et al*. (19 Cal. 278) the Court says : " It is not sufficient that an intent to hinder, delay and defraud is averred in general terms.    This averment amounts to little more than a declaration that the parties rely upon the statute, and the complaint would have been as perfect without it as with it.    If such an averment were held to be sufficient to put the adverse party upon his defense, it is evident that the pleadings in this class of cases would soon cease to be of any practical value."    To the same effect are 7 Cal. 206, and 15 Cal. 348.

If such general allegations of fraud are insufficient after judgment sustaining them, as in the case of *Meeker* v. *Harris et al*., there

could be no error in this case in the Court refusing to hear testimony to sustain such a general charge.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession or value of one thousand and eighty-nine bales of hay, of which the plaintiffs claim to be the owners and entitled to the possession, and which are alleged to have been unlawfully taken and detained from them by the defendant. It arises upon the following facts : Some time in 1859, one Barnes and one Brown entered into a contract for the working of a farm in Yolo county upon shares—Brown to furnish the land, the teams and the seed, and Barnes to sow and harvest the grain and cut the hay—the grain and hay, when harvested, to be equally divided between them. On the first of October, 1859, after the hay was cut and the grain partially harvested, Barnes executed to the plaintiffs his promissory note for three thousand two hundred and eighty-six dollars, payable thirty days after date, with interest, and at the same time executed to them, as security for the payment of the note, an instrument pledging his undivided half interest in certain wheat, which, it would seem, was then in the possession of the plaintiffs ; also, in that which he had on the farm, estimated at about two thousand sacks ; also, in certain hay stored in the Sitka Ice Company's house in Sacramento, and in the balance of the hay on the farm, which was to be gathered in, estimated at about two hundred tons. A delivery of possession of the hay and grain did not accompany the execution of this instrument ; but on the eighth of the month, upon a written order of Barnes, such possession was delivered by Brown of the hay and grain on the farm, and by a like verbal order given on the same day, possession was also delivered of the hay in the ice house. A few days subsequently, and whilst the plaintiffs were in the possession of the property, the defendant, who was Sheriff of Sacramento county, under certain executions placed in his hands against the property of Barnes, seized the hay in the Sitka ice house, and about the same time the Sheriff of Yolo county, under like executions against Barnes, seized the hay on the farm. By an agreement between

the parties, the hay thus seized in Yolo was taken to Sacramento and placed in the Sitka ice house, and there subjected to the seizure of the Sheriff of Sacramento county. The removal of the hay to Sacramento was for the purpose of preserving it; and the arrangement was to prevent such removal from affecting the respective rights of the parties to its possession. It is for the hay originally in the ice house, and the hay thus removed to it, that the present action is brought. The defendant justifies the seizure of the hay under the executions in question, alleging it was at the time the property of Barnes, the execution debtor, and that the "pretended claim and ownership" of the plaintiffs was "fraudulent and void— that it is an attempt on their part to hinder, delay and defraud the creditors" of Barnes.

On the trial, special issues were submitted to the jury, and they found that the hay was delivered to the plaintiffs under the order of Barnes, and that they took such possession of the same as the nature of the property permitted, and retained such possession until the seizure by the defendant; and also the amount and value of the property; but that there had been no division of the hay on the farm, so as to give to Barnes his specific share. The judgments upon which the executions in the hands of the defendant were issued were not produced, and the evidence offered to show that the order of Barnes for the delivery of possession was executed to hinder, delay and defraud his creditors, was, upon the objection of the plaintiffs, excluded. Upon the findings, judgment was rendered for the plaintiffs, and a new trial having been refused, the defendant brings his appeal; and for a reversal of the judgment contends: 1st, that the plaintiffs have no such title or interest in the hay as to enable them to sustain the action for its possession; and 2d, that the Court erred in excluding the evidence offered of the alleged fraudulent intent of Barnes. We do not think either of these positions can be maintained.

1st. By the agreement between Brown and Barnes for working the farm on shares, they became tenants in common of the grain and hay until a division was made. (*Bernal* v. *Hovious*, 17 Cal. 545.) Each was entitled to the possession of the whole as against all persons but his cotenant, and could maintain an action for its

recovery.   From the fact of a common ownership of the hay on the farm, the order of Barnes to deliver possession to the plaintiffs only authorized a possession in connection with Brown ; but the latter having consented to a delivery of the sole possession to the plaintiffs, it is not perceived that the creditors of Barnes have any ground of complaint.   By the order of Barnes and consent of Brown, the plaintiffs were entitled to hold the whole crop, to the exclusion of third parties.   The finding of the jury was only that the hay on the farm was undivided.   The hay in the Sitka ice house was the separate property of Barnes, having, previously to his agreement with the plaintiffs, been set apart to him.

2d.  The evidence offered, that Barnes intended by his order to hinder, delay and defraud his creditors, was properly excluded. No foundation was laid for the introduction of any evidence of this nature, even if admissible in any event under the defective allegations of the answer.   It was insufficient to produce the executions alone ; it was necessary to produce also the judgments upon which those executions were issued.   The law is clear on this point.   In the recent case of *Bickerstaff* v. *Doub*, (19 Cal. 112) we gave the rule on this subject.   " It is well settled," we there said, " that an execution is sufficient justification to the Sheriff for the seizure of the property of the debtor ; and it is immaterial whether the property be in the actual possession of the debtor, or in the possession of an agent, or parties holding it for his benefit.   But if the property be in the possession of a stranger to the writ, claiming it as his own by virtue of a transfer to him from the debtor, which would prevent the latter himself from retaking the possession, the officer must produce not only the writ, but the judgment which authorizes its issuance.   A sale of property by a debtor, even if void as against creditors, is good as between himself and his vendee, and all the world except his creditors.   And such sale cannot be attacked by a creditor, merely from the fact that he is a creditor, but only when he has a judgment establishing his debt, and an execution issued thereon, or has some process regularly issued, as in the case of attachment, authorizing a seizure of the property."   (See also, *Thornburgh* v. *Hand*, 7 Cal. 554 ; and *Paige* v. *O'Neal*, 12 Cal.)   The same rule prevails whether the property seized be

claimed under a sale or under a pledge from the debtor. The test is this: Is the stranger's right to the possession such as would prevent the debtor himself from retaking the possession? If it be such, the officer must produce, not merely the writ, but the judgment on which it is based.

Judgment affirmed.