[No. 5243.]
## CATHERINE M. VEACH v. J. H. ADAMS.

LEVY BY SHERIFF ON PROPERTY OF TENANTS IN COMMON.—If two are tenants in common in personal property, and the sheriff in a suit against one, brought on a claim against him, attaches his interest in the common property, he may take all the property into his possession without being guilty of a conversion of the other tenant's share.

PARTITION OF PROPERTY OF TENANTS IN COMMON.—If a sheriff, on a writ of attachment against one tenant in common, levies on and takes into his possession the personal property of the tenants in common, and puts the tenant who was sued in possession as his keeper, the keeper cannot make a partition so as to destroy the tenancy, nor can the sheriff do it without the consent of the plaintiff in the action.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

The plaintiff recovered judgment and the defendant appealed. The other facts are stated in the opinion.

*Houghton & Reynolds*, for the Appellant.

*Moore, Lane & Leib*, for the Respondent.

By the Court, WALLACE, C. J.:

The plaintiff recovered judgment for damages in the court below, against the defendant, the sheriff of Santa Clara county, for the alleged conversion by him of certain "wheat hay." The facts are that the plaintiff and one J. M. Swinford, being at the time tenants in common of the hay in equal proportions, an action was commenced by one Franck against Swinford upon an individual claim against the latter, and a writ of attachment issued in that action was levied by the defendant, as sheriff, upon the interest of Swinford in the hay, the whole of the hay being taken into possession under the writ. Swinford, the defendant in that action, was left in charge of the attached property as sheriff's keeper, and while so in charge of it in that capacity, the hay was in part baled by him, and he assumed to make a division of it between himself and the plaintiff; setting off for the latter in a barn on the premises some thirty tons in bales, the balance of her share being left in stacks on the field and labeled with her name. In this condition of things another suit was commenced by Hawley & Co. against Swinford upon an individual demand against him, and a writ of attachment having been issued in that action, the defendant, as sheriff, levied it upon the interest of Swinford, and under this writ and levy assumed to hold in his possession the entire crop, regardless of the division which had been made by Swinford as already mentioned. This second writ of attachment was levied on June 25, 1875, and on the next day the plaintiff notified the defendant of her alleged ownership of the thirty tons of hay in the barn, and also of the stacks in the field marked with her name, and demanded that he restore the same to her, with which demand the defendant refused to comply. In the month of July following, under the direction of the District Court of the United States for the

District of California, in certain proceedings in bankruptcy instituted in that court against Swinford, the United States Marshal took into his possession the entire crop of hay, and, so far as the record shows, still retains it.

1. The interest of Swinford, the tenant in common of the plaintiff, in the hay, being seized under the writ of attachment issued in the suit of *Franck* v. *Swinford,* the defendant as sheriff was not guilty of a conversion of the plaintiff's share by taking the entire crop into his possession.  In *Waldman* v. *Broder* (10 Cal. 378), certain personal property belonging to the plaintiff Waldman and one Franck had been seized by the defendant as sheriff, by virtue of a writ of execution in his hands against the property of Franck, and Waldman, co-tenant of Franck, having brought his action in replevin against the sheriff, the District Court instructed the jury to the effect that if Waldman, the plaintiff, and Franck were owners of the property as partners or joint owners of it in any other capacity, the plaintiff could not recover, and the jury having found a verdict for the defendant, it was held here that the instruction was correct, the court observing that "if the defendant, as sheriff, levied on the property while it was the joint property of plaintiff and Franck (against the latter of whom he had an execution), this is a justification to him.  He had a right to levy on it and take it into possession for the purpose of subjecting it to sale."

In the later case of *Bernal* v. *Hovious* (17 Cal. 541), the case of *Waldman* v. *Broder* (*supra*), was cited and approved, the the language of Mr. Chief Justice Field, who delivered the opinion of the court in the latter case, being as follows: "Vasquez and the plaintiff were tenants in common of the grain, and in attaching the interest of one of them the sheriff was justified in taking and detaining the possession of the entire quantity, though he will not be authorized to sell under the execution on the judgment which may be recovered in that action anything but the undivided one-third interest of Vasquez.  The purchaser at the sale and the plaintiff will then be tenants in common of the property.

2. Nor was the defendant here guilty of a conversion of

the property of the plaintiff by taking into his possession the entire crop of hay under the writ of attachment in his hands, issued in the action of *Hawley & Co* v. *Swinford*, or in refusing to surrender the share of the plaintiff upon the demand made of him in that behalf the next day. The relation of the plaintiff and Swinford, as being tenants in common of the entire crop still existed, for Swinford had no authority, as mere keeper of the sheriff, and while holding its possession for the latter under the writ issued in the Franck case, to make partition of the hay, or to set off any portion of the same to the plaintiff. It is not pretended that the sheriff had assumed to clothe him with authority to make partition of the property, and we are of opinion that the sheriff himself would have no such authority without the consent of Franck, at whose suit the property was at the time held under attachment, and who would otherwise have the right to insist upon a sale under execution of the undivided share of Swinford in the whole property. (*Reed* v. *Howard*, 2 Metc. 36; Freeman on Co-Tenancy, sec. 214.)

It results that the judgment of the court below must be reversed and the cause remanded, with directions to render judgment for the defendant; and it is so ordered.