# Cases

ALMIRA N. STREVER, RESPONDENT, v. OREN R. EARL, APPELLANT.

*Mortgage — assignment (not acknowledged), of an interest therein — valid pro tanto — deed by the mortgagor to the mortgagee — merger — acquiescence.*

In an action. brought to foreclose an interest in a mortgage, it appeared that one Lydia Weser executed and delivered to the defendant Earl a mortgage to secure $400 upon certain premises described in the complaint ; that upon the same day the defendant Earl assigned to one Douglass an interest in said mortgage to the extent of $140, "to have and to hold that amount in said mortgage with me" (the defendant) ; that said assignment was not acknowledged ; that Douglass died, leaving the plaintiff his sole devisee; that thereafter Lydia Weser, in consideration of $457.96, deeded said premises to the defendant Earl by a deed containing a covenant of warranty ; that the defendant Earl took immediate possession thereof and still occupied the premises.

*Held*, that the assignment to Douglass, though not acknowledged, was valid and effectual to transfer the title to the interest in the mortgage.

That by said assignment Douglas, and under him the plaintiff, became the owner of so much of the mortgage as was necessary to secure the payment of the sum of $140.

That the mortgagor, Weser, having had notice of the lien of the plaintiff, who had never consented to its extinguishment, could not properly pay the whole amount of the mortgage to the defendant Earl, and that the deed from Weser to the defendant did not discharge the plaintiff's lien. Nor could Earl, in consideration of such conveyance, release the premises from the mortgage lien.

*Davis* v. *Spencer* (24 N. Y., 386), distinguished.

That, under these circumstances, no merger, to the prejudice of the plaintiff, resulted from the union in the defendant of the legal and equitable estates

That the fact that the plaintiff, after she had learned of said deed, and of the defendant's possession under it, did not for some time begin an action of foreclosure, did not amount to an acquiescence, or a ratification upon her part, in view of the fact that efforts by her to collect, and promises by the defendant to pay the amount claimed by her, were shown.

APPEAL by the defendant Oren R. Earl from a judgment entered in the office of the clerk of the county of Oswego on the 25th day of June, 1890, as modified by a reduction of costs upon a readjustment thereof had on the 2d day of July, 1890, after a trial at the Oswego Special Term, at which the plaintiff had judgment for the foreclosure and sale of the premises described in the complaint, and for the payment from the proceeds thereof of $266.63 with interest and costs.

On the 27th day of December, 1875, Lydia Weser, of the town of Sandy Creek, executed and delivered to the defendant, Oren R. Earl, her mortgage, under seal, covering the land described in the complaint in this action, to secure the payment of $400 one year from date, which mortgage was recorded on the 30th of December, 1875, in Book 107 of Mortgages at page 491. On the same day of the execution of the mortgage the defendant executed and delivered to Dr. Solomon J. Douglass an assignment of an interest in the mortgage to the extent of $140. The assignment contained the following language : "For value received, I hereby sell, assign, transfer and set over unto S. J. Douglass, his heirs and assigns one hundred and forty dollars in and unto a certain mortgage I have this day taken of Mrs. Lydia Weser, in the sum of four hundred dollars, payable one year from date and dated the 27th day of December, 1875. Said S. J. Douglass is to have and to hold that amount in said mortgage with me, in proportion to his amount of one hundred and forty dollars, and Oren R. Earl two hundred and sixty dollars, and the said mortgage is to be the property of both in proportion to the amount as above specified and the amounts furnished for the support and maintenance of the said Mrs. Lydia Weser and the expenses of insurance of the property and foreclosing the said mortgage.

"(Signed.)         OREN R. EARL.

" Dated, Sandy Creek, December 27, 1875."

The assignment was not acknowledged. Douglass died on the 28th of August, 1876, leaving the plaintiff, his widow, him surviving, and leaving a last will and testament, which was duly admitted to probate on the 19th of December, 1876, by the Surrogate's Court of Oswego county, by which will he gave to his wife, said plaintiff, all his property absolutely, and also made her sole executrix of said will. On the 2d day of November, 1877, Lydia Weser, by a warranty deed duly executed and delivered, expressing a consideration of $457.96, conveyed to the defendant in fee, with a warranty of quiet possession thereof, the land described in and covered by the mortgage; the defendant immediately took possession of the land and has since held the same under the title thus conveyed to him. The court found that "the assignment set out in the second finding of fact was made upon a full and valuable consideration, as between the defendant and Solomon J. Douglass therein mentioned, and transferred to and vested in the latter an interest and share in the said mortgage and in the debt, the payment of which was thereby secured to the amount of one hundred and forty dollars and interest thereon from the date thereof, which interest and share, by the will of the said Solomon J. Douglass, was transferred to and became the property of the said plaintiff." The court also found that no part of the $140 or the interest thereon had been paid, and that the same " yet remains and is the property of the plaintiff, and the same amounts at the date hereof to the sum of $266.63," and for that sum the court ordered a judgment of foreclosure and sale. Defendant made certain requests to find, some of which were found and some of which were refused and exceptions were taken to the refusals.

*A. Wart* and *Levi H. Brown*, for the appellant.

*Udelle Bartlett*, for the respondent.

HARDIN, P. J.:

The assignment of the mortgage interest to plaintiff's testator by the defendant was valid though not acknowledged.

In *Heilbrun* v. *Hammond* (13 Hun, 479), in speaking of the assignment of a mortgage, the court said: "The assignment, so far as it operated to transfer the title of the bond and mortgage, was effectual without an acknowledgment."

By force of the assignment executed by the defendant to

plaintiff's testator, the testator became an independent owner of that portion of the mortgage necessary to secure the sum of $140; and the assignment expressly declares, viz.: "The said mortgage is to be the property of both in proportion to the amount as above specified," etc. At the time the mortgage was taken it appears by the evidence that Dr. Douglass held an account against the mortgagor or her husband for some forty dollars, and that he advanced some twenty dollars in money and executed a promissory note for eighty dollars to the defendant, and thereupon received the assignment in question. Subsequently the assignor's estate paid the promissory note. Apparently the defendant received full consideration for the $140 mentioned in the assignment, and to the extent of $140 defendant ceased to be owner of the mortgage, either in law or in equity; the same passed to the testator, and from him to the plaintiff; and no payment of such sum was made to the testator in his lifetime, nor has the same or any part thereof been paid to the plaintiff in her individual or representative capacity. She, by virtue of the terms of the will of her husband, became the owner of that interest in the mortgage, and as such owner of the interest in the mortgage, and the lien created by the same to secure the payment of that sum, she, *prima facie*, was entitled to enforce the mortgage against the premises covered thereby.

After such assignment the defendant was not the sole mortgagee in equity, and the mortgagor having notice of such assignment having been made, could not properly pay the whole amount of the said mortgage to the defendant. His release, given to her after her knowledge of the execution of the assignment, would not operate, as between her and him, to discharge the mortgage or extinguish the interest acquired by the plaintiff's testator by virtue of the assignment of the mortgage and the lien created thereby. When the defendant took a deed of the premises he had no right to discharge the lien held by the plaintiff upon the premises, and any agreement entered into by him with the mortgagor, that, in consideration of her conveyance of the premises, the mortgage should be discharged, could not operate to extinguish or satisfy the lien outstanding in favor of the plaintiff.

Appellant calls our attention to *Davis* v. *Spencer* (24 N. Y., 386): We are of the opinion that the case does not sustain the contention of the appellant. In that case it was found, upon evidence, "that

the parties did agree that the mutual debts should be applied in cancelment and discharge of each other, so far as they equaled each other in amount, and to the amount of the smallest, and that without any further action by them—that is, that the agreement was executed, not executory." The case in hand differs from that one in the circumstance that there is no evidence that the plaintiff ever consented that her lien in the premises should be extinguished by a deed of the premises to the defendant. We think there was no merger on the occasion of the defendant's taking a deed of the premises from the mortgagor. At that time he was aware that there was outstanding a lien in favor of the plaintiff which she held by virtue of the mortgage and his assignment to her testator; and she never consented that her lien or "the charge should sink into the general legal ownership of the land and become extinguished." (*Clift* v. *White*, 2 Kern., 525.)

Appellant calls our attention to *De Lisle* v. *Herbs* (25 Hun, 486). We find nothing in that case which supports the contention of the appellant. It is said in the course of the opinion, viz.: " Ordinarily, when the legal and equitable title unite in the same person, the equitable is merged into the legal estate. This result will not follow where it is against the express or implied purpose or intention of the person owning the two titles. So, where it is for the interest of such person to prevent the union of the two estates, the law will imply an intention to keep alive the equitable estate." Nor do we think that *Lynch* v. *Pfeiffer* (110 N. Y., 33), aids the appellant. Although that case, perhaps, is an authority for saying, that so far as the defendant's mortgage interest remained in the premises it was swallowed up by the deed which he received from the mortgagor. Not so, however, as to the interest in the premises held by the plaintiff in virtue of the mortgage and the assignment thereof. We think, upon the evidence, the court was warranted in finding " that plaintiff at no time assented to or intended to assent to any merger of her interest in the said mortgage, by the conveyance of the land described therein to the defendant, or to release any security afforded thereby, for the payment of her interest or share in the debt secured by the mortgage." The evidence fails to show that the plaintiff gave any consent prior to the defendant's taking the deed that it should have the effect now claimed for it, and it also

fails to show that she or her agent ever consented that it should have such effect; although it appears in evidence that the defendant in one of the conversations he held with Newton, a brother-in-law of the plaintiff, who was seeking to collect the sum due to the plaintiff upon the mortgage, stated that he, the defendant, had taken a deed of the premises in payment of the mortgage. The evidence fails to establish that Newton ever assented that it should have such effect, even if it were conceded that he had authority to make such assent. Under such circumstances it is obvious that the defendant's act could not defeat the plaintiff's mortgage lien.

In *Brown* v. *Blydenburgh* (7 N. Y., 144), it was held, viz.: " Where the holder of a bond and mortgage assigns it to a third person, as a security for a loan, and subsequently receives from the mortgagor a conveyance of the mortgaged premises, and at the time executes to him a discharge of the bond and mortgage, the land so conveyed continues subject to the mortgage in the hands of the assignee." In the course of the opinion it was said : " It was clearly a fraud on the part of Atwell to give this certificate of satisfaction, because he had previously assigned the mortgage to Calder, *and knew that he had no authority to discharge it.*" It may be conceded that, so far as the defendant had the beneficial ownership of a portion of the mortgage, at the time he received a deed of the premises, there was a merger, and that the deed operated as a satisfaction of the interest in the mortgage remaining in the defendant, and an extinguishment of the lien *pro tanto* of his ownership in the mortgage. Still the deed was inefficient to discharge the interest in the real estate held by the plaintiff, and her lien or interest in the premises was not extinguished or merged by the conveyance so given to the defendant. (*Miller* v. *Lindsey*, 19 Hun, 209, which follows *Purdy* v. *Huntington*, 42 N. Y., 334.)

No merger would have taken place if the defendant, at the time he took the deed, had made an agreement to pay off the mortgage interest held by the plaintiff. In *Skeel* v. *Spraker* (8 Paige, 182), it was held, viz.: " Where a mortgagee has assigned his mortgage as a security for a debt due by him to a third person, his taking back a conveyance of the mortgaged premises and agreeing to pay the debt to the assignee, does not operate as a merger of the mortgage, either at law or in equity."

Appellant calls our attention to *Asche* v. *Asche* (113 N. Y., 232), and, upon examination, we find nothing in the case which sustains the position of the defendant. In the course of the opinion in that case it was said : " Merger is accomplished in law when two or more estates in the same property unite in the same person, and when such estates comprise the whole legal and equitable interest in such property, the person holding them becomes the absolute owner.  \*  \*  \*   But this cannot take place where there is an intermediate estate." Nor do we think the circumstance that after the defendant obtained the deed he took possession of the premises and continued to hold possession thereof, and that the plaintiff acquired knowledge of that fact, and for some time thereafter omitted to assert her lien by foreclosure proceedings, impairs or defeats the plaintiff's lien. The plaintiff had made efforts to collect the debt and continued to make efforts, and according to the testimony of some of the witnesses the defendant repeatedly promised to pay off and discharge the indebtedness held by the plaintiff and secured by the mortgage and assignment of a portion thereof to her testator. We think no acquiescence or assent or ratification was shown by the evidence which should estop or prevent the plaintiff from enforcing her lien upon the premises.

Our attention is called to *Harrower* v. *Heath* (19 Barb., 331). In that case an agreement was assented to by the plaintiff, " not only before the arrangement between them for that purpose was consummated, but was in various ways recognized and ratified by him afterwards." That case is clearly distinguishable from the one before us.

The views already expressed sufficiently dispose of the exceptions taken to the findings as made and to the refusals to find. We are of the opinion that the plaintiff had a valid lien upon the premises at the time of the commencement of her action to the extent of the mortgage debt owned by her and assigned by the defendant to her, and that as between the plaintiff and the defendant, who was the sole owner of the fee, she was entitled to foreclose the mortgage for the purpose of enforcing payment of the debt and interest. Such was the effect of the judgment given at Special Term.

The judgment should be affirmed, with costs. ·

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.