SCHAUER, J.
This litigation is based on a bond that was given to procure the issuance of a writ of attachment in an action which was brought by the Advance Auto Body Works, Inc., against the KMTR Radio Station as well as against plaintiff here, Willard Fonda, and others. Attachment was levied on an automobile truck claimed by Fonda and a radio broadcasting station, KIIQ, which was built into the truck and which station was owned by the KMTR corporation. Judgment in that action went for the plaintiff therein against the KMTR corporation but against that plaintiff in favor of *Supp. 830 Fonda, who is plaintiff here. The truck and broadcasting station were held under attachment from 29 October 1936 to 21 April 1937 and Fonda brought this action on the attachment bond for damages for loss of use of his truck. In defense defendant offered to prove, in substance, that the truck and radio station were so combined that the one was an integral part of the other and that they could not be separated without injury to the unit. The offer was rejected, judgment went for plaintiff and defendant appeals. The judgment must be reversed.
Sections 1025 and 1026 of the Civil Code provide, respectively, in material parts, that “When things belonging to different owners have been united so as to form a single thing, and cannot be separated without injury, the whole belongs to the owner of the thing which forms the principal part’’ and “That part is to be deemed the principal to which the other has been united only for the use, ornament, or completion of the former.’’ Obviously the radio station does not contribute to the “use, ornament, or completion’’ of the truck but the truck does add to the use and completion of the radio transmitter as a portable unit. The truck, therefore, if it was a part of the radio station, as could have been found if the proffered evidence had been received, was subject to attachment in the action against the KMTK. corporation. This would be true even if the truck and radio transmitter were to be regarded as jointly owned. (7 C. J. S. 260; Veach v. Adams, (1877) 51 Cal. 609, 612 ;Conolley v. Power, (1924) 70 Cal. App. 70, 76 [232 Pac. 744].)
The judgment is reversed and the cause is remanded to the municipal court for a new trial, appellant to recover its costs of appeal.
Shaw, P. J., and Bishop, J., concurred.