SARAH DISHER V. PETER DISHER ET AL.

FILED MAY 21, 1895.   No. 5172.

1. **Waste:** INJUNCTION. Although the rule of the common law in relation to waste has been greatly relaxed in favor of the tenant, the preventive jurisdiction of courts of equity by means of injunction is still freely exercised in favor of the reversioner against a tenant in possession, whenever the threatened acts amount to a manifest injury to the estate and a wanton abuse of the tenant's rights.

2. ———: RIGHTS OF LIFE TENANT. It is not waste for a life tenant to remove timber so as to fit the land for pasture or cultivation, provided he does not in so doing damage or diminish the value of the inheritance, and his acts are conformable to the rules of good husbandry. (*Wilkinson v. Wilkinson,* 59 Wis., 557.)

3. ———: INJUNCTION AGAINST LIFE TENANT: EVIDENCE. Evidence examined, and *held* to sustain the allegation of waste by the reversioners against the defendant, a tenant for life.

4. **Equity:** EXERCISE OF JURISDICTION: PRACTICE. When a court of equity has acquired jurisdiction of a cause for any purpose, it may retain it for all purposes, and proceed to a determination of all of the matters put in issue by the pleadings. (*Morrissey v. Broomal,* 37 Neb., 766.)

5. **Estrepement:** INJUNCTION: DAMAGES. Under our system, the reversioner in an action to stay threatened waste by a tenant for life may recover for waste previously committed, provided there be some connection between the injury done and the acts threatened.

6. **Estates:** PAYMENT OF TAXES. As between a tenant for life and the reversioner the former is required to pay taxes assessed against the estate.

7. ———: WASTE: DAMAGES: COUNTER-CLAIM. Finding against the defendant on the cause of action alleged in her counter-claim *held* sustained by the evidence.

ERROR from the district court of Gage county. Tried below before BROADY, J.

*J. C. Johnston,* for plaintiff in error.

*George A. Murphy, contra.*

Post, J.

This is a petition in error and presents for review a decree of the district court of Gage county in a proceeding in which the defendants in error were plaintiffs and the plaintiff in error was defendant, to restrain the commission of threatened waste by the defendant therein as tenant for life, and to recover for damage to the plaintiffs' estate on account of waste previously committed. From the petition, which was filed March 6, 1891, it appears that Stephen T. Disher died intestate on the .22d day of March, 1884, leaving no issue, and that the plaintiffs, his brothers and sisters, and children of deceased brothers and sisters, are his heirs at law; that deceased was at the time of his death the owner of 560 acres of land in Gage county, which under the laws of this state descended to the plaintiffs, subject to the life estate therein of the defendant Sarah Disher, widow of said deceased; that the defendant has remained in possession of said property since the death of the said Stephen T. Disher, receiving the rents and profits therefrom ; that said property is rendered valuable by reason of growing timber upon a portion thereof (which is by witnesses described as the home place); that on or about January 1, 1891, the defendant, without authority or license from plaintiffs, cut down and converted into cord. wood for the purpose of sale a large quantity of the most. valuable timber growing upon said premises, to-wit, 250. cords of four-foot wood; that she has contracted to sell 300 cords of four-foot wood and 100 cords of two-foot wood to be cut from said premises, and is now cutting and threatening to cut and carry away all of the valuable timber upon said premises, and which is especially valuable to said

land as a shelter to stock as well as the keeping in repair of the fences and other improvements thereon. It is further alleged that the defendant, on or about January 1, 1891, wrongfully removed from said premises a dwelling house situated thereon, of the value of $260, to property of her own, and is threatening to remove other buildings from said premises. The defendant in her answer, after a general denial of the allegations of the petition, admits the cutting of certain timber growing upon said premises, but which she charges was by way of improvement thereof and for the betterment of plaintiff's estate, and which does not, she alleges, constitute waste. She admits the wood cut by her amounted to 240 cords, of the value of $2 per cord, and which it was her purpose to sell in order to reimburse herself on account of money paid out for taxes, and labor in keeping said place in repair, in excess of the rents received therefrom. She admits the removal of the dwelling house mentioned in the petition, but denies that it was of any value, or that her act in that regard constituted waste for which she is accountable in this proceeding. For a counter-claim she alleges that plaintiffs are indebted to her in the sum of $1,400 and interest for money advanced to the administrator of the estate of her said husband, and which was used for the purpose of paying and discharging a mortgage of $700 on the lands mentioned, and a further mortgage of $700 which said deceased had during his lifetime assumed and agreed to pay. The reply is (1) a general denial, (2) an allegation that the cause of action mentioned in the counter-claim did not accrue within four years. There was a general finding for the plaintiffs, their damage being assessed at $200, for which judgment was allowed, accompanied by a decree prohibiting the further removal of buildings from said premises, also the further cutting or removing of the growing timber except for firewood and for repairs and improvements thereon.

The first assignment of error to which we will give attention is the denial by the district court of a trial by jury on demand of the defendant, and which presents the question of the jurisdiction of a court of equity over the cause of action alleged. It cannot be denied that the doctrine of the common law in relation to waste has been greatly relaxed in favor of the tenant. But the preventive jurisdiction of courts of equity by means of injunction is still freely exercised in order to protect the reversioner against waste by the tenant in possession when the threatened acts amount to a manifest injury to the inheritance and a wanton abuse of the tenant's rights. (2 Story, Equity Jurisprudence, sec. 915; High, Injunctions, sec. 432 *et seq.;* Wood, Landlord & Tenant, sec. 54; 4 Kent, Commentaries, 76 *et seq.;* 3 Pomeroy, Equity Jurisprudence, sec. 1348.) The doctrine above stated is recognized in many reported cases, and is so well established as to be regarded elementary law. The objection we are discussing, it should be remembered, was to the allegations of the petition. It must, therefore, for the purpose of the present inquiry, be regarded as a general demurrer and not presenting the sufficiency of the evidence to sustain the finding of the court,—a question which will be noticed under another assignment. The allegations that the land in this case is valued chiefly on account of the growing timber thereon, which is especially suitable as shelter for live stock, and that the defendant is cutting and threatening to cut and carry away all of the valuable timber thereon, and that she has removed therefrom a dwelling house and threatens to remove other buildings, certainly present a case for equitable cognizance. It is, however, urged that where the pleadings present both legal and equitable issues the parties will be entitled to submit them to a jury, provided demand therefor be made at the proper time. But this court, in *Morrissey v. Broomal,* 37 Neb, 766, recognized as sound the opposing view, and held that when a court of

equity has acquired jurisdiction over a cause for any purpose it may retain it for all purposes and proceed to a determination of all matters put in issue by the pleadings.
And whatever may be the rule at common law, we have
no doubt that under our system the reversioner in an action
to stay threatened waste by a tenant for life may compel
the latter to account for waste previously committed, provided there be some connection between the injury done
and that threatened. (Bliss, Code Pleading, 211; *Rodgers
v. Rodgers*, 11 Barb. [N. Y.], 595.)

We find in the several briefs submitted herein an exhaustive discussion of the rights of a tenant for life as
against the reversioner with respect to growing timber
upon the demised premises, but an examination of the
many cases cited by counsel would result in an unnecessary
prolonging of this opinion without corresponding profit.
It is sufficient that we are constrained to adopt the rule
asserted by Judge Cassoday, whose views upon this and
kindred subjects are entitled to especial consideration, viz.,
that it is not waste for a life tenant to cut wood or timber
so as to fit the land for pasture or cultivation, provided he
does not, in so doing, damage or diminish the value of the
inheritance, and his acts are conformable to the rules of
good husbandry, although the wood and timber so cut be
sold or consumed off the premises (see *Wilkinson v. Wilkinson*, 59 Wis., 557); and that view, which was evidently
adopted by the district court, is in substantial accord with
the authorities cited as bearing upon the jurisdiction of
equity in like cases. Applying that rule to the facts of
this case we have no difficulty in holding with the district
court, that the acts threatened, as well as those committed,
constitute equitable waste. Indeed, the natural and only
inference is that the cutting of the timber is a manifest injury to the inheritance and a wanton abuse of the defendant's rights. It is shown by the evidence of plaintiffs'
witnesses, and not disputed, that the reason assigned by the

defendant for the cutting of the timber was that she wanted to turn the wood into cash in order to make payment on certain land which she had purchased in her own right. The witnesses practically agree in the opinion that the value of the land has been materially diminished by reason of the removal of the timber and the consequent destruction of the shelter and protection which it afforded to stock, thus rendering the premises less desirable for the purpose of stock raising. The finding upon the merits of the plaintiffs' cause is clearly right and will not be disturbed. The claim that defendant was required to sell the growing timber to provide funds for payment of current taxes cannot be sustained for reasons already stated, and for the further reason that as between herself and these plaintiffs it was her duty to pay the taxes. (Wood, Landlord & Tenant, sec. 54, and cases cited in note.) Nor does the counter-claim for money advanced to the administrator merit serious consideration, for the reason, among others, that the mortgages mentioned by the defendant are not shown to have been paid with money furnished by her, while, on the other hand, the irresistible inference from the evidence is that they were paid and satisfied with the proceeds of the personal property of the deceased, Stephen T. Disher. There being no error in the record the judgment of the district court will be

Affirmed.