GRAND ISLAND & WYOMING CENTRAL RAILROAD COMPANY V. SAMUEL SWINBANK ET AL.

FILED MAY 5, 1897.   No. 7230.

1. Rulings on Evidence: REVIEW.   Errors in the admission and rejection of evidence cannot be reviewed unless the particular rulings complained of are pointed out in the petition in error.

2. Assignment of Cause of Action.   Evidence *held* sufficient to warrant a finding that there had been an absolute assignment of a cause of action to the plaintiff.

3. Statutes: AMENDMENTS: RAILROAD COMPANIES: FENCES.   Session Laws, 1877, page 60, purporting to amend section 2 of the act relating to the liability of railroad companies for live stock injured where no lawful fence has been constructed, is in conflict with the constitution and inoperative because it did not repeal the section amended.   *City of South Omaha v. Taxpayers' League,* 42 Neb., 671, followed.

4. Railroad Companies: INJURY TO STOCK: EVIDENCE.   Therefore, the notice provided for by the original section is incompetent evidence for the purpose of establishing the value of live stock killed or injured.

5. Pleading: DEFAULT: PERMISSION TO ANSWER.   Permitting a defendant in default to file an answer is a matter resting largely in the discretion of the trial court, and a judgment will not be reversed because the defendant was permitted to answer out of time unless the record affirmatively discloses an abuse of discretion.

6. Railroad Companies: INJURY TO STOCK: DAMAGES.   That part of the statute relating to the liability of railway companies for live stock injured which gives the owner of live stock double the value of his property, is void.   *Atchison & N. R. Co. v. Baty,* 6 Neb., 37, reaffirmed.

ERROR from the district court of Dawes county.   Tried below before KINKAID, J.   *Affirmed conditionally.*

*J. W. Deweese, A. W. Crites,* and *F. E. Bishop,* for plaintiff in error.

*Allen G. Fisher* and *A. V. Harris, contra.*

IRVINE, C.

Samuel Swinbank and William Swinbank, partners as Swinbank Bros., brought this action against the Grand Island & Wyoming Central Railroad Company to recover damages for live stock killed by the trains of the railroad company at points where the tracks remained unfenced in violation of the statute. They recovered judgment for $515, and both parties prosecute error.

We will consider in the first place the petition in error of the defendant railroad company. The petition is in four counts; the first alleging the killing of four horses belonging to plaintiffs; the second alleging the killing of a mare belonging to one Collins, and the assignment of the cause of action to plaintiffs; the third alleging the killing of a heifer belonging to Rosenberg Bros., and the assignment of the cause of action to plaintiffs; the fourth alleging the killing of a cow belonging to plaintiffs. The matters complained of in the brief, and to which the argument is entirely directed, may best be considered in the order in which they are stated in a general résumé at the close of the brief.

1. Error in admitting in evidence certain notices and affidavits of loss made and served upon the railroad company in accordance with the provisions of section 2, chapter 72, Compiled Statutes, relating to the liability of railway companies for stock killed when the track is not properly fenced. We cannot consider this question, because the admission of the evidence is not assigned in the petition in error.

2. That the assignment of the second and third causes of action to the plaintiff are not established by the evidence, and that as to those counts the plaintiffs are not

the real parties in interest. In support of this contention the defendant invokes the rule established in *Hoagland v. Van Etten*, 22 Neb., 681, to the effect that a mere assignee, having no interest in the result, but who obtains an assignment upon a promise to pay the assignor the amount he may derive from the action, is not the real party in interest under section 29 of the Code of Civil Procedure, and cannot maintain an action. We find, however, in the evidence sufficient to warrant the jury in finding that in each case there was an absolute assignment conveying a beneficial interest to the plaintiffs. As to the third count, this evidence is quite distinct and satisfactory. As to the second it is by no means conclusive, but it would be without profit to set out here all the evidence bearing on the issue. Suffice it to say that there was evidence tending to prove that the conditions of the assignment were that, in case of recovery, plaintiffs were to pay the owner $125; if no recovery should be had, they were to pay, in any event, the value of the horse. The *bona fides* of this transaction and the character of the assignment, as to whether or not it was an actual and absolute sale, were submitted to the jury by appropriate instructions not complained of in the briefs, and the jury resolved the question in favor of the plaintiffs.

3. That the damages assessed on the third and fourth causes of action are unsupported by competent evidence of value. As to the fourth cause of action there is no assignment relating thereto in the petition in error and no general assignment covering the question. As to the third cause of action there is an appropriate assignment and it is well taken. We find no evidence in the record as to the value of the cow described in the third count except the notice of loss and affidavit served on the company. As before stated, these notices and affidavits were made and served in compliance with section 2, chapter 72, Compiled Statutes. By the first section of that act it is made the duty of railroad companies, under certain limitations, to provide fences and cattle-guards, and they

are made liable for all damages inflicted by agents, engines, or trains running upon the track, upon cattle, horses, sheep, or hogs thereon, where the statute is not complied with. Section 2 originally read as follows: "Any railroad company hereafter running or operating its road in this state, and failing to fence on both sides thereof, against all live stock running at large at all points, shall be absolutely liable to the owner of any live stock injured, killed, or destroyed by their agents, employes or engines, or by the agents, employes or engines belonging to any other railroad company, running over and upon such road, or there being: Provided, That in case the railroad company liable under the provisions of this section, shall neglect or refuse to pay the value of any property so injured or destroyed, after thirty days' notice in writing given, accompanied by an affidavit of the injury or destruction of said property, to any officer of the company, or any station agent, or ticket agent, or conductor employed in the management of its business in the county where the injury complained of shall have been committed, such railroad company, their agents and employes, shall, in an action brought to recover damages therefor, be held and they are hereby declared to be liable to pay double the value of the property so injured, killed or destroyed as aforesaid." (General Statutes, 202.) By an act of 1877 it was attempted to amend this section by adding the following: "*Provided further*, That if the railroad company do not object to the value of the property so injured or destroyed, as set forth in the notice aforesaid, within ten days, it shall be considered and taken as the true value, but if the said railroad company are dissatisfied with the value as set forth in said notice, they shall, within ten days, leave a written notice to that effect at the residence or place of business of the owner of the stock so injured or destroyed, and the value shall then be ascertained and determined in accordance with the provisions of section 5 of the general herd law." (Session Laws, 1877, p. 60.) This, however, was by an act

which by its title, form, and effect was purely and simply amendatory of the original act, and it contained no clause repealing the original section. It was, therefore, unconstitutional. (*City of South Omaha v. Taxpayers' League*, 42 Neb., 671, and cases there cited.) It was only by this proviso that the notice was constituted evidence of value, and, at least in the absence of a statute so providing, the evidence was clearly not competent for that purpose.

4. That the court erred in overruling defendant's motion for a verdict when plaintiff rested his case. This was not assigned in the petition in error, nor is there any general assignment of the insufficiency of the evidence which presents it for consideration.

5. We now take up the cross-petition in error of the plaintiffs. On this the first argument advanced is that there was error in permitting the defendant to answer after the evidence had been introduced, and in refusing to enter defendant's default. The record shows the filing of an answer before the trial, but it also discloses that at the close of the evidence the plaintiff asked to have a default entered and that the court ordered the answer to be filed as of a prior date. The reason for this action does not appear. If no answer had yet been filed, the parties had nevertheless tried the case on the theory that the whole petition was in issue, and the plaintiffs were not prejudiced by permitting the answer to be filed. Such matters rest largely within the discretion of the trial court, and an abuse of discretion must affirmatively appear to justify a reversal on such a ground.

6. After the verdict the plaintiffs asked leave to amend their petition so as to claim a judgment for twice the value of the stock, as found by the jury. This was refused, and upon that order the plaintiffs base an assignment in their cross-petition in error. We are asked in this connection to reconsider and overrule *Atchison & N. R. Co. v. Baty*, 6 Neb., 37, holding that portion of the statute already quoted to be in contravention of the constitution in so far as it attempts to confer a right to

double damages. Without entering into an extended discussion of the question, we are content to say that we are not at this time disposed to reinvestigate the correctness of a decision which has stood unquestioned for twenty years and which had the effect of practically removing a portion of the statute from the books. To overrule that decision would be to judicially reinstate an obsolete statute, and would savor greatly of legislation. If such a course would be at all permissible it would only be where the reasons for revising the former ruling were of the most cogent, convincing, and urgent character. While one reason given in the opinion for the decision there reached has since been disapproved (*Graham v. Kibble*, 9 Neb., 182), we cannot regard the case in its essentials as having been overruled or its authority even shaken. The chief reason for holding the so-called double damage portion of the act bad was that it took from one litigant property and gave it to another, not in compensation for any wrong sustained, but by way of punishing the defendant; that this was contrary to the rights of property secured by the constitution. The same view and the same policy have been followed repeatedly since in denying the right to punitive damages, and we are satisfied that those reasons are well founded. The so-called penal statute discussed in *Graham v. Kibble*, *supra*, was sustained as being a provision for liquidated damages. It related to a case where the actual damages are difficult, if not impossible, of ascertainment; whereas the statute we are considering requires the actual damages to be admeasured, and then arbitrarily requires the defendant to pay the plaintiff twice that sum. As said by an eminent court with regard to exemplary damages, such a procedure is "a sort of hybrid between a display of ethical indignation and the imposition of a criminal fine." (*Haines v. Schultz*, 50 N. J. Law, 481.)

From what has been said it follows that the judgment must be reversed on the petition in error of the railroad company, unless the plaintiffs below, within forty days,

file a remittitur as of the date of the judgment for the value of the heifer described in the third cause of action as found by the jury, less nominal damages on account thereof, to-wit, the sum of $19.95. If such remittitur be entered the judgment will be affirmed for the residue.

JUDGMENT ACCORDINGLY.