GEORGE W. SIMS V. JAMES B. JONES.

FILED MAY 4, 1898.   No. 8081.

1. **Growing Crops**: LEVY OF EXECUTION. In this state growing crops are personal property and subject to levy and sale to satisfy the indebtedness of the owner.

2. ————: ————: LANDLORD AND TENANT. Where land is leased and rent reserved in kind or share of the crops to be raised, the landlord and tenant are tenants or owners in common of the growing crops on such land during the life of the lease, and the interest of either party is a leviable one.

ERROR from the district court of Custer county. Tried below before SINCLAIR, J. *Reversed*.

*John S. Kirkpatrick* and *L. E. Kirkpatrick*, for plaintiff in error.

*Sullivan & Gutterson*, contra.

HARRISON, C. J.

The plaintiff herein alleged for cause of action that in a suit instituted in the county court of Custer county

53

against his debtor, Thompson Sims, the plaintiff procured to be issued a writ of attachment, which was delivered to the defendant in. this cause, the sheriff of Custer county, who levied the writ on certain property of the said debtor of plaintiff of sufficient value to satisfy the claim of plaintiff as stated in the writ, and that through the subsequent abandonment of the levy by the officer the plaintiff was damaged in the amount sought to be recovered in the attachment suit. It appeared that the defendant in the last mentioned case was the owner of land in Custer county, which had been leased, the owner to receive as rent the one-third of the crops raised during the year, and that on about twenty-five acres of the land oats were sown and on ninety acres corn was planted and grown. The levy of the writ of attachment was alleged to have been on any interest the landlord possessed at the time in the crops. The oat crop had been cut and almost, if not all, stacked, but none threshed. The corn was standing in the field ungathered, whether matured or not does not appear, but the time of the levy would raise the presumption that the corn had not then ripened. The one-third of the oats were to be delivered to the owner of the land after threshing, and the one-third of the corn in the crib. In the district court a jury was waived, and of the issues there was a trial to the court, which resulted in a determination that the defendant in the attachment suit had no attachable interest in the crops at the time the levy was made, and judgment was rendered in favor of defendant in the case at bar.

Many cases hold that under such a contract as we have herein before outlined the tenant is the owner of the crops until the division is made, and the owner of the land acquires and has no interest therein until his stipulated portion is set apart to him. .(*Rees v. Baker*, 4 G. Greene [Ia.] 461; *Atwood v. Ruckman*, 21 Ill. 200; *Woodruff v. Adams*, 5 Blackf. [Ind.] 318. See, also, portion of note to *Putnam v. Wise*, 37 Am. Dec. [N. Y.] 319.) And it has been held that the landlord of such a lease has no leviable

interest in the crops. (*Waltson v. Bryan*, 64 N. Car. 764; Shinn, Attachment & Garnishment sec. 32; *Howard County v. Kyte*, 69 Ia. 307.) On the other hand, it has been concluded that a landlord and tenant of a letting of land as herein involved are tenants in common of the crops. (See *Putnam v. Wise*, 1 Hill [N. Y.] 234, 37 Am. Dec. 309, and note thereto on pages 317, 318.) The interest of a tenant in common may be levied on and sold. (*Bernal v. Hovious*, 17 Cal. 541, 79 Am. Dec. 147; *Veach v. Adams*, 51 Cal. 611; *Branch v. Wiseman*, 51 Ind. 3.) That growing annual crops are personal property and subject to levy and sale as such for the satisfaction of the indebtedness of an owner has been recognized in this state, see *Johnson v. Walker*, 23 Neb. 736. (See, also, generally, 1 Freeman, Executions sec. 113, and citations in support of the text.) It also seems to be indicated by the section 530 of the Code of Civil Procedure in relation to exemptions, wherein it states: "No property hereinafter mentioned shall be liable to attachment, execution, or sale, on any final process issued from any court in this state, against any person being a resident of this state and the head of a family. * * * The provisions for the debtor and his family necessary for six months' support, either provided or growing, or both, and fuel necessary for six months." In the chapter of the Code of Civil Procedure relative to executions for the enforcement of judgments rendered by a justice of the peace is the following: "In all cases where any lands may have been let, reserving rent in kind, and when the crops or emblements growing or grown thereon shall be levied on or attached, by virtue of any execution, attachment, or other process against the landlord or tenant, the interest of such landlord or tenant, against whom such process did not issue, shall not be affected thereby." (Code of Civil Procedure, sec. 1073.) This seems to be a direct recognition by the legislature of the doctrine that a landlord and tenant are tenants in common of growing crops where rent is reserved in a share of the crops and the

interest of either subject to levy and sale for the payment of debts of the respective parties.

The supreme court of Kansas, in an opinion in the case of *Polley v. Johnson*, 23 L. R. A. [Kan.] 258, quote paragraph 5008 of the Code of that state (part of procedure applicable in actions before justices of the peace), as follows: "In all cases where any lands may have been let, reserving rent in kind, and when the crops or emblements growing or grown thereon shall be levied on or attached by virtue of any execution, attachment, or other process against the landlord or tenant,. the interest of such landlord or tenant, against whom such process was not issued, shall not be affected thereby; but the same may be sold, subject to the claim or interest of the landlord or tenant against whom such process did not issue;" and observe in relation to this and some other paragraphs considered in the same connection that "While these sections do not reach the case we have under consideration, we think they show a recognition of what we regard as the settled doctrine of the common law,— that such growing crops are personal property, subject to sale on execution for the debts of the owner; and were we to hold a different rule to apply in this case, the only class of debtors benefited thereby would be those owning both the soil and the crop, for the section of the justice's act just quoted renders the shares of landlord and tenant, where that relation exists, both subject to levy and sale." The question of a levy on the interest of a landlord or tenant in growing crops where rent is reserved in kind was not directly in issue, but the foregoing statement furnishes a very strong indication of what might be the conclusion of the court on the subject should it be presented. We feel bound to follow the very evident intention of the legislators, and must conclude that the landlord's interest in the crops was a leviable one; and it results that the judgment of the trial court must be reversed and the cause remanded.

REVERSED AND REMANDED.