ERNEST WENDT V. NELLIE B. STEWART.

FILED NOVEMBER 11, 1905. No. 13,885.

Vendor and Purchaser: RIGHTS IN CROPS. Where, by the terms of a lease, rent is reserved in a share of the crops, the landlord and tenant are tenants in common of the growing crops, and in such case a purchaser of the real estate from the landlord during the term of the lease, in the absence of an agreement to the contrary, is not entitled to a portion of the crop belonging to the landlord which had been severed from the realty prior to the time he acquired title to the land upon which the crop was grown.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*Frederick Shepherd* and *Mockett & Polk,* for plaintiff in error.

*Stewart & Munger, contra.*

JACKSON, C.

On the 6th day of August, 1902, J. J. Rankin and E. T. Buxton entered into a written contract with L. L. E. Stew-

art, whereby they agreed to sell to Stewart a tract of land in Lancaster county, and to convey the same by warranty deed upon the payment of $2,500. From the record it is inferred that the legal title was in Rankin, but that Buxton had a beneficiary interest in the land. On the 12th day of August of that year, Rankin, joining with his wife, executed a warranty deed for the premises to Nellie B. Stewart, in whose behalf it would appear that L. L. E. Stewart was acting when the contract was made, and on the 22d day of October of that year, Buxton, joining with his wife, executed a quitclaim deed to Nellie B. Stewart, and from the stipulation appearing in the record it seems that the transaction was closed by the payment of the purchase money and the delivery of the deed on the 4th day of November of that year. At the time of the execution of the contract and the consummation thereof by the payment of the purchase money and the delivery of the deeds, Ernest Wendt was in possession of the real estate under a written lease from Rankin, terminating on March 1, 1903. The lease contained this provision: "And the said second party (Ernest Wendt), in consideration of the leasing of the above premises, hereby covenants and agrees with the party of the first part (J. Joseph Rankin) to pay the said party of the first part as rent for the same as follows, to wit: Two-fifths (2-5) of all the crops raised on said land, the same to be delivered in Emerald, Nebraska, during the rent period, at whatsoever place the first party may designate." Wendt disposed of the crop and paid the proceeds thereof to Rankin's agent, partly on December 18, 1902, and the balance on January 12, 1903. Nellie B. Stewart, the grantee in the deeds referred to, sued Wendt in the district court for Lancaster county for that portion of the proceeds of the crop paid to Rankin as rent, and recovered judgment, from which judgment Wendt prosecutes error.

The only question presented is whether or not the share of the crop reserved by the landlord in the lease to Wendt passed with the title to the land, there being no reserva-

tion in the deeds of conveyance, which were absolute in form. It is provided by section 1073 of the code: "In all cases where any lands may have been let, reserving rent in kind, and when the crops or emblements growing or grown thereon shall be levied on or attached, by virtue of any execution, attachment, or other process against the landlord or tenant, the interest of such landlord or tenant, against whom such process did not issue, shall not be affected thereby." Construing this section of the code, it was held in *Sims v. Jones*, 54 Neb. 769, that it was a distinct recognition by the legislature of the doctrine that the landlord and tenant are tenants in common of the growing crops, where rent is reserved in a share of the crops. The landlord, being a tenant in common with the tenant in the growing crops, becomes the owner of a share of the crops as soon as they are so far advanced that they may be said to be property. This rule would not be affected by that provision of the lease requiring the tenant to gather that portion of the crop belonging to the landlord. The landlord held the legal title to the land upon which the crop was grown until the consummation of the terms of the contract of sale, which, as we have shown, was on the 4th day of November, 1902, and, under the holding in *Yeazel v. White*, 40 Neb. 432, was, during that time, entitled to harvest and hold any portion of his share of the crops grown thereon that were in a proper condition for harvesting. In that case the conclusion was reached that the purchaser at a judicial sale did not acquire title to that portion of the crop severed from the realty before the confirmation of the sale, and such, without doubt, is the law in this state. As affecting that question, there seems to be no distinction in principle between the purchaser at a judicial sale and one who purchased directly from the holder of the title. It appears from the record that a portion of the crop, at least, had been severed from the realty before the title to the land passed from the landlord to the defendant in error and that the judgment in her favor included the value of that portion of the crop.

It follows, therefore, that the judgment of the district court was erroneous.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings in conformity with this opinion.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in conformity with this opinion.

REVERSED.