COMMERCIAL NATIONAL BANK OF KEARNEY, APPELLEE, v.
W. H. FASER ET AL., APPELLANTS.

FILED DECEMBER 3, 1915.    No. 18496.

1. **Attachment: REDELIVERY BOND: VALIDITY.** A redelivery bond was executed and filed by one of the principals therein with the clerk of the district court with the purpose to procure the release of certain goods attached. The sheriff, by the consent and direction of the attorney for the plaintiff in the attachment suit, thereupon released the levy. *Held,* that since the bond accomplished its purpose and was in fact accepted and approved, the facts that it was not manually delivered to the sheriff and no approval was indorsed thereupon did not invalidate it either as to the principals or to a surety company who signed as security.

2. **Assignments: ACTIONS: PARTIES: REDELIVERY BOND.** One who purchases choses in action during the pendency of a suit thereon may carry on the suit in the name of the original plaintiff, and may maintain an action in the name of the original plaintiff and obligee in a redelivery bond given to secure the return of property attached in the suit.

3. **Election of Remedies: ESTOPPEL.** A mere attempt to pursue a remedy or to claim a right to which a party is not entitled, without obtaining legal satisfaction therein, will not deprive him of a right to which he is properly entitled.

4. **Attachment: ACTION ON REDELIVERY BOND: BURDEN OF PROOF.** Where attached property has been surrendered under a redelivery bond, the burden of proof is upon the attachment debtor to whom it has been surrendered to account for its loss or nonproduction.

5. **Estoppel: REDELIVERY BOND: OWNERSHIP OF PROPERTY.** A principal in a redelivery bond given to secure the surrender of attached property is estopped to assert that he is the owner of it in an action upon such bond.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*W. D. Oldham* and *John A. Miller,* for appellants.

*H. M. Sinclair* and *N. P. McDonald, contra.*

Letton, J.

This is an action against the principals and surety upon a redelivery bond. The court found for the plaintiff, and defendants appeal.

Certain property was attached in an action against George W. Faser and W. H. Faser, and, in order to obtain its release, the bond sued upon was given. It was signed by the Fasers as principals and by the Lion Bonding & Surety Company as surety. Prior to the execution of the bond the sheriff had taken possession of a large amount of personal property in the hands of W. H. Faser, which was situated upon the farm of one of the defendants, and a caretaker was placed in charge of it. It is argued there is no evidence of the delivery of the bond. It was filed in the office of the clerk of the district court by George Faser in the suit pending, but no actual manual delivery to the sheriff was made. It is shown, however, that, when it was made known by the defendants, or one of them, to the attorney for the plaintiff in the attachment suit that the bond had been executed and delivered to the clerk of the district court, the attorney caused the attached property to be released by the sheriff from the lien of the attachment. The bond is somewhat defective in form, since the property was appraised at $4,920.50, and the penalty is fixed at the sum of $6,200, while section 206 of the Code requires that the bond be in double the amount of the appraised value of the attached goods.

It is argued that the bond was not accepted and approved by the sheriff, and is therefore void. This was not formally done, but the facts that the plaintiff, who stood back of the sheriff and for whom the sheriff was acting, was satisfied with it and the sheriff yielded possession of the property on account of its execution and delivery are sufficient, we think, to establish an actual approval. The instrument effectually served the purpose for which it was given. *Holt County v. Scott,* 53 Neb. 176. In *Fidelity & Deposit Co. v. Bowen,* 123 Ia. 356, it is said: "The object of the bond is the discharge of the attachment, and if

this be accomplished by its delivery, it is of no concern to the sureties that its sufficiency has not been passed upon by the sheriff or clerk. But the plaintiff, for whose protection the bond is executed, may waive the formal approval by these officers, and accept it as tendered under the statute, without invalidating its efficacy as a statutory release bond." An expression somewhat to the contrary was used in *Cortelyou v. Maben*, 40 Neb. 512, but in that case the property had not been delivered into the hands of the defendant, so far as the record discloses, and the statement was mere *obiter*.

It is next contended that the plaintiff has no corporate existence; that it is not the owner of the cause of action, and cannot maintain the suit. This contention is based upon the fact that, when the attachment suit was begun, the Commercial National Bank was a going concern. After the suit was begun the notes in suit were sold and transferred to T. B. Garrison, and it is stipulated that the bank has liquidated its affairs. Section 45 of the Code provides that, in case of a transfer of any interest in an action during its pendency, the action may be continued in the name of the original party. The original action proceeded to judgment in the name of the bank, and, since it is the obligee named in the bond and this action is merely ancillary to the attachment suit, we see no reason why the action cannot proceed in the name of the original judgment creditor. *Harman v. Harman*, 62 Neb. 452.

It is next claimed that the original case is pending in the supreme court and the judgment superseded. The supersedeas bond was given by W. H. Faser alone, the action was dismissed as to him, and the cost bond given has no effect to stay the execution of the judgment.

One of the principal contentions in the case is that, since before this suit was brought the plaintiff had begun an action which is still pending against the sheriff of Buffalo county and the surety upon his official bond to recover the value of the attached property, on the ground

that it was unlawfully surrendered by him and lost, destroyed and dissipated, he has elected between two inconsistent remedies, and cannot, therefore, maintain this suit. The defendants in this action are strangers to the action against the sheriff. If a judgment should be recovered against them in this action upon the theory that the redelivery bond is valid, and this fact is shown in the other suit, it would seem that no subsequent judgment could be rendered against the sheriff in that suit upon the inconsistent theory that it was he who had dissipated the property. Whether this is correct or not, in any event, if the defendants satisfy this judgment, no other judgment could be enforced. Even though two judgments existed, there could be but one satisfaction. A mere attempt to pursue a remedy or to claim a right to which a party is not entitled, without obtaining legal satisfaction thereon, will not deprive him of a right to which he is properly entitled. The sheriff testified that after judgment was rendered he could find none of the property; that he made a demand for it upon George W. Faser, who told him that part of it was destroyed by fire and the remainder had been sold. It is claimed by defendants that the burden of showing a negligent loss or wrongful disposal of the property rests upon the plaintiff. All the facts with regard to the loss or destruction of the property being peculiarly within the knowledge of the defendants who were in its possession, the law casts the burden upon them to explain what had become of it. It appears, also, that the property which was destroyed by fire was covered by insurance, and the proceeds of the policy were paid to one of the principal defendants.

It is contended that the court erred in the exclusion of evidence to show that W. H. Faser, and not George W. Faser, was the owner of the property. By the giving of the bond, W. H. Faser waived any claim of his against the right of the sheriff to the possession of the property. If he owned it, he could have taken it from the officer by proceedings in replevin, or he might have maintained an

action against the sheriff for conversion. Instead of taking either of these courses, he entered into a bond that, if the sheriff would release the property, it would be forthcoming to await the judgment of the court in the action. Having secured possession of the property by giving the bond, it is too late for him to assert ownership as a defense, and he has estopped himself from taking such a position. The judgment of the district court is

HAMER, J., not sitting.