PEDRO CLAUSELLS Y ARMSTRONG, Plaintiff and Appellant, *v.* ENRIQUE SALAS, ET UX., Defendants and Appellees.

No. 6984.  Argued March 10, 1936.—Decided July 31, 1936.

*Gustavo Rodríguez* for appellant.  *R. Cintrón Lastra* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Pedro Clausells brought an action against Enrique Salas and his wife, Basilia Ferrer, for specific performance of two contracts which they had made for the sale of two lots. The defendants did not answer and their default having been noted, the Court rendered judgment for plaintiff, providing that pursuant to the specific performance decreed the plaintiff should be put in possession of the two lots in question, the defendants to receive the sum of $124.85 belonging to them according to the liquidation agreed upon. Costs were imposed upon the defendants. The defendants appealed from the judgment to this Court.

While the appeal was pending, the plaintiff asked the court for an order to secure the effectiveness of judgment without bond by an attachment of properties of the defendants valued at $500, an amount which the plaintiff thought sufficient to satisfy the judgment including costs and attorney's fees. The Court granted the motion and in execution of the writ the marshal attached:

"Any sum of money which the plaintiff Pedro Clausells Armstrong should pay to the defendants above named as in excess of the liquidation of the two contracts of which specific performance was ordered by the judgment of the district court in the above entitled cause.

"Rents matured and to mature in the future, to be paid to the defendants on account of the lease of the lots of which they are usufructuaries in the section known as 'Barriada Armstrong' in this city, and upon which the following persons have their respective houses subject to such lease:

"Georgina Pagán_____ $1.25 monthly for a house.
"Dolores Vázquez_____ 2.00 monthly for a house.
"Casilda Rodríguez_____ 4.00 monthly for two houses.
"José Cruz _____ 2.00 monthly for a house.
"Asunción Fernández_____ 2.00 monthly for a house.
"José González_____ 2.50 monthly for a house.

"This attachment has on this day been notified to the defendants Enrique Salas and his wife Basilia Ferrer, and to the persons above-named bound to pay the aforesaid rents, such persons being advised that such rents must be delivered to the undersigned marshal monthly to be deposited in the District Court of Ponce subject to further legal proceedings. This attachment is made to secure up to the sum of $500 fixed in the order of the court."

The defendants sought to vacate the attachment for a number of reasons. The plaintiff objected. The court set aside the attachment. From this order, rendered on February 7, 1935, the instant appeal was taken.

The district court did not make in its order any determination of the properties to be attached. It confined itself to ordering that the effectiveness of the judgment be secured by attachment of properties of the defendants up to the sum of $500. It was the marshal who levied the attachment in the form above stated.

Could such officer subject the future rental payments in question to the fulfillment of the judgment, as he sought to do?

To sustain the affirmative of this question the appellant commences by invoking sub-division (h) of Section 2 of the Act to secure the effectiveness of judgments, (Code of Civil Procedure, ed. 1933, pp. 96 and 98) which provides: "Sec. 2— The effectiveness of the judgment shall be secured in the following manner: . . . . (h) With respect to cases not provided for in the preceding rules, the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment."

We have already stated that it was not the court which adopted the specific measure in question but the marshal acting under authority of a general order of the court.

The appellant then cites Sections 258, 259 and 269 of the Civil Code and Sections 246 and 248 of the Code of Civil Procedure to uphold the proposition that future rents are

properties susceptible to attachment. He also cites 6 C. J. 206, Sec. 377, and Manresa, *Comentarios a la Ley de Enjuiciamiento Civil,* ed. 1891, pp. 498 and 499.

The question has not been definitely decided by this court.

In the case of *Ramírez de Arellano* v. *Corte,* 43 P.R.R. 220, we said:

"We find nothing in Sections 110 and 111 of the Mortgage Law to authorize the making of an order directing the marshal to collect and retain rentals due or to become due and owing to the mortgagor, on the *ex parte* application of a mortgagee and on such a showing as that made in the instant case. Nor has the mortgagee, as intervener in the present certiorari proceeding, suggested any other authority for an order impounding the rentals, as a matter of course, in a suit for equitable foreclosure."

Thereafter, in the case of *Cochran* v. *Fernández,* 47 P.R.R. 666 it was said:

"As to the second point, which is in fact the one that has raised doubt in our minds, the appellant in her brief merely says:

" 'With respect to the attachment of future rents or interests, and of future rentals on leases, this defendant contended, that the said attachment is illegal and void because, according to the law in force in Puerto Rico, neither future rents nor future rentals on leases may be attached.'

"This is not the proper way to raise a question of such importance which, so far as we know, has not been finally determined either in this or in any other jurisdiction.

"It is the appellee who in his brief discusses somewhat extensively the question raised. He invokes sub-division (*h*) of Section 2 of the Act which provides that 'with respect to cases not provided for in the preceding rules, the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment,' and he says he conformed his motion to the ruling made by this Court in the case of *Manrique* v. *Aguayo,* 35 P.R.R. 393, and specified therein the circumstances which induced him to apply for an attachment of the rents as well as of the real property, circumstances which in fact served as a basis for the order of the court directing said attachment as appears from the order itself, as follows:

" 'In view of the heavy mortgages which encumber the properties belonging to the aforesaid defendant, the court further orders an attachment of the rentals produced by said properties and which now belong to and are payable to the defendant or to her agents in Puerto Rico.'

"Under the circumstances we shall not interfere with the decision of the court, leaving the question open for determination in the future should it be properly raised."

In accordance with the old Law of Civil Procedure, fruits and rents in general were susceptible of attachment, but in order to do so it was necessary to place the real property producing the fruits and rents under judicial administration.

Section 1450 of such statute provides that "If products or rents are attached, a judicial administration shall be established which shall be intrusted to the person whom the creditor may designate."

In discussing this section, Manresa says in his *Ley de Enjuiciamiento Civil Reformada*, volume 5, p. 507, ed. 1891:

"The provisions of this Section determining the procedure for attachment of fruits or rents, either alone or together with the property producing them, are without parallel in the prior statute. This Section provides that in both cases the property be placed under judicial administration and that such administration shall be entrusted to the person whom the creditor may designate. . . .

.    .    .    .    .    .    .    .    .    .    .

"The word *administration* as used in the act, leads one to believe that the attributes of such office are the same as those of any other administrator of properties of another, comprising not only the power to collect the fruits and rents, but also the power to administer, direct and care for the property or properties producing them. If the properties so attached are held under lease, the administrator will have the duty of collecting the rents at maturity, of caring for the property to prevent deterioration by the use or abuse which may be made of it, of making the repairs indispensable for its preservation, and of renewing the leases or rent contracts as they mature; and if rural properties are involved, or enterprises which the owner cultivates or operates for his own account,

the administrator must interfere in the operations or direct them if the owner should abandon them, and collect the fruits or products opportunely."

The Code of Civil Procedure now in force provides in Section 246 that:

"All goods, chattels, moneys, and other property, both real and personal, or any interest therein of the judgment debtor, not exempt by law, and all property and right of property, seized and held under attachment in the action, are liable to execution."

And the same Code provides in Section 248, that:

"All real and personal property belonging to any married woman at the time of her marriage, or to which she subsequently becomes entitled in her own right, and all compensation due or owing (her) for her personal services, is exempt from execution against her husband; but this privilege of exemption shall not extend to the benefits, income and proceeds from the private property of a married woman, one-half the value of the former being subject to an order of execution against the husband."

The Act to secure the effectiveness of judgments contains no express provision for or against the question. Similarly there is no express provision in any other act which we recall or which has been cited to us.

There is no doubt that rent is property. It is stated in Section 269 of the Civil Code, ed. 1930, that "The following are also considered movables: rents or annuities. . . ." Similarly there is no doubt that rents are susceptible of attachment when matured, since in such case the right of the creditor is already something definite susceptible of being impounded. The doubt arises when such a right has not matured.

In summarizing the authorities, Corpus Juris says:

"In determining whether or not a contractual interest relative to property is of such nature as to be attachable each case must be governed by its own facts. It would seem, however, that when a debtor's pecuniary interest in property is dependent upon a mere contingency it is not attachable, and this is apparently true even

though the debtor is entitled to defend his possession against a wrongdoer or intruder. But a vested and certain interest under a contract is attachable." 6 C. J. 206.

The text is sustained by various decisions. None of them is exactly parallel to this case. The decision most nearly parallel is that cited in support of the last principle laid down, that is that "a vested and certain interest under a contract is attachable." We refer to the case of *Sims* v. *Jones*, from Nebraska, in which it was decided that:

"In this state, growing crops are personal property, and subject to levy and sale to satisfy the indebtedness of the owner.

"Where land is leased and rent reserved in kind or share of the crops to be raised, the landlord and tenant are tenants or owners in common of the growing crops on such land during the life of the lease, and the interest of either party is a leviable one." *Sims* v. *Jones*, 75 N. W. 150.

One can imagine a lease contract of real property, recorded in the registry in which the rental to be paid is definitely determined, such rental constituting a true right, both acquired and specific, in favor of the owner of the real property. In such case there is nothing illogical in subjecting such right to the fulfillment of the obligations of the owner. But in ordinary cases such as the one we are now considering in which the contract is renewed month by month and is subject to so many contingencies, we do not believe that an attachment can be levied, particularly since there are decisions contrary, among which are the following:

In the case of *Wood* v. *Partridge*, 11 Mass. 487, 492, the Supreme Judicial Court of Massachusetts, speaking through Mr. Chief Justice Parker, expressed itself as follows:

"A covenant to pay rent quarterly creates no debt or legal demand for the rent until the time stipulated for payment arrives. (*a*) The rent may *never* become due. The lessee may quit the premises with the consent of the lessor; or he may assign over his term with such consent, so as to discharge himself from rent; (*b*) or he may be evicted by a title paramount to that of his lessor; in either

of which cases he will be discharged from the operation of his covenants. It is not the case of *debitum in praesenti solvendum in futuro,* which is subject to attachment by the statute; but is a contingency, which cannot be attached; as was decided in the cases of *Davis & Al.* vs. *Ham,* (5) and *Wentworth* vs. *Whittemore and Trustee.* (6) (*a*) *Patridge* could not be lawfully adjudged the trustee of *Wood,* for any rent which had not become due at the time the writ was served upon him; for all beyond that was contingent.''

In the case of *Thorp* v. *Preston,* 4 N.W. 227, the Supreme Court of Michigan decided that:

''Rent to grow due in the future upon a lease existing at the time of the service of a garnishee summons cannot be reached by such process.''

It was also decided in *Ordway* v. *Remington,* 12 R. I. 319, that:

''A lease demised a term of years 'from the first day of September now next ensuing,' and reserved a rent payable 'by equal quarter-yearly payments,' the first payment 'to be made on the first day of December now next ensuing.'

''*Held,* that the rent, though payable December 1, was not legally due, and consequently not subject to garnishment as personalty, until after midnight of December 1.''

In view of the law and the authorities, it seems to us that the question ought not to be decided finally but that it would be preferable to allow the circumstances of each particular case to be weighed by the trial judge with due consideration to the interests of both parties, in accordance with the powers conferred upon him and the duties imposed upon him by sub-division (*h*) of Section 2 of the Act to secure the effectiveness of judgments, *supra.* We therefore, although for somewhat different reasons, reach the same conclusion which was reached by the trial court upon the point.

Perhaps it may be desirable to make clear that we should not be understood as holding that in entering an order to secure the effectiveness of a judgment, the trial judge should specify in every case the properties upon which the

attachment is to be levied. A general order such as that here rendered is in ordinary cases sufficient, but when extraordinary remedies are involved such as are adopted in accordance with sub-division (h) of Section 2 of the Act to secure the effectiveness of judgments, then the best practice is for the judge specifically to designate the measure to be adopted.

In so far as the second question is concerned, it would be sufficient to say that in our opinion the court did not commit the errors assigned to it by the appellant in reaching its decision.

In setting forth the grounds for its decision, the district court correctly expressed itself as follows:

"As to the attachment of any sum of money which the plaintiff should pay to the defendants as excess over the liquidation of the contracts decreed to be specifically performed herein, defendants maintain that such attachment is void, for the reason that it is the same as though the plaintiff had attached in his own hands a sum which by the judgment belongs to the defendants, and maintain moreover that the defendants' right recognized by the judgment is not subject to attachment.

"As to these questions, the writ of the marshal, above, shows clearly that what was sought to be attached was:

" 'Any sum of money which the plaintiff Pedro Clausells Armstrong should pay to the defendants above named as in excess of the liquidation of the two contracts of which specific performance was ordered by the judgment of the district court in the above entitled cause.'

"From the same document it appears that the only persons notified of the attachment were the defendants and the persons in whose hands an attachment was sought to be levied upon the rents. There was no 'levy' by the marshal upon any sum of money nor was there an attachment of any title to or interest in the credit which the defendants might have obtained by judgment in this case, nor was any sort of notice given to the plaintiff of the attachment of such credit.

"Our Supreme Court in the case of *Villar & Co.* v. *Hanson*, 40 P.R.R. 303, cites with approval the decision in the case of *Bissener* v. *Billón*, 71 Cal. App. 779, to the effect that 'the attachment of property in the possession of plaintiff cannot be levied.'

"In accordance with the provisions of Section 10 of the Act to secure the effectiveness of judgment of 1902, the rule is established that the attachment of movables or a prohibition to alienate the same shall be practiced by depositing properties in the possession of the court or of a person designated under the responsibility of the plaintiff. It is true that, in accordance with Section 246 of the Code of Civil Procedure, the debts or credits of a defendant may be attached upon execution proceedings, but it is further provided that it shall be 'in like manner as upon writs of execution.' For the application of a similar provision in the California Code, see the case of *McBride* v. *Fallon*, 65 Cal. 301. Furthermore, in *Needham* v. *Cooney*, (Tex.) 173 S. W. 979, it was decided that

" 'A judgment in favor of attachment debtor is not subject to levy.' "

The appeal must be dismissed and the order appealed from affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.