HENRY LEIS, JR., APPELLEE, V. JOHN W. BECKMARK ET AL., APPELLANTS.

275 N. W. 679

FILED NOVEMBER 5, 1937. No. 30088.

*F. E. Williams,* for appellants.

*Fred T. Nichols, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is a controversy between a tenant and his landlords over their respective obligations and shares of crops under an oral contract for the cultivation of farm lands on which beets, potatoes, corn, barley, oats and other crops were produced in Morrill county during the season of 1935. Henry Leis, Jr., plaintiff, was tenant and John W. Beckmark, Vincent B. Beckmark and Amanda J. Beckmark, defendants, were landlords.

The cause was first tried before a duly appointed and qualified referee who heard the parties at great length on pleas of plaintiff and defendants for an accounting. The referee made findings to which defendants excepted. The cause was heard by the district court on the referee's report, the exceptions thereto and the evidence. The trial resulted in confirmation of the referee's report. From a judgment in favor of plaintiff, defendants appealed to the supreme court.

On appeal it is asserted by defendants that the action is one at law by a farm tenant against his landlords for conversion of his share of the crops and for compensation for services performed by him independently of the relation of landlord and tenant. In support of this view of the action, many technical rules of law are invoked to defeat the judgment below. The position thus taken is untenable in the light of the pleadings and the evidence. Plaintiff prayed for an accounting, in which defendants joined. The prayer in the answer of defendants to the petition of plaintiff is in part as follows:

"Defendants pray that an accounting be had of all mat-

ters between plaintiff and defendants growing out of and had pursuant to said contract for the purpose of a full and complete settlement of such matters."

The referee and the district court found, and the evidence shows, that defendants were to furnish, in addition to the farm lands, one-half of the seed, feed, fuel for tractor, and all necessary equipment to plant, cultivate and harvest crops grown on the leased premises, and that plaintiff was to perform all labor and to deliver to defendants one-half of all crops. Plaintiff owned and used a truck in connec-. tion with some of his work. The cause was tried and determined on the basis of an accounting and as such the judgment below is reviewable. The parties conferred on the district court jurisdiction to determine all matters growing out of their contract for "the purpose of a full and complete settlement." A conversion of any crop or damage thereto was cognizable in the accounting for which both parties asked. The following rule refutes the theory of defendants:

"When a court of equity has acquired jurisdiction of a cause for any purpose, it may retain it for all purposes, and proceed to a determination of all of the matters put in issue by the pleadings." *Disher v. Disher,* 45 Neb. 100, 63 N. W. 368.

Both referee and trial court followed this rule and determined the issues raised by the pleadings regardless of distinctions between equity and law. In the decision below the court properly considered the parties to the suit tenants in common of the crops under their oral contract and held them all accountable for what they did in that relation.

Considering the case in its true nature with a large volume of evidence adduced by both sides and the rules of equity and principles of law applicable to the facts, the referee examined separately the items on both sides of the accounting, listed them in detail and found that defendants should be charged with $629.79 and plaintiff with $410.62, leaving a balance of $219.17 due plaintiff from

defendants. Unpaid purchase prices for products sold and other pertinent matters were adjusted on the basis of equal division of crops. The district court heard the parties on the report of the referee, the exceptions thereto, and the evidence, and found the issues generally in favor of plaintiff, confirmed the referee's report and entered judgment conforming thereto. On appeal the exceptions to the report of the referee are found upon consideration of the entire record to be without merit. The judgment in favor of plaintiff and against defendant for $219.17 and for other equitable relief granted is supported by a preponderance of the evidence and free from prejudicial error.

Defendants contend that the costs should be taxed to plaintiff, and that in any event the fee allowed for the services of the referee is excessive. The trial court's allowance for the work of the referee was $250 and for that of the reporter $40. The record shows that these allowances were fair and reasonable for services well performed and were properly taxed with other costs against defendants.

AFFIRMED.