TED ANEST ET AL., APPELLANTS, v. CHESTER B. BROWN COMPANY, APPELLEE.

99 N. W. 2d 615

Filed November 27, 1959. No. 34605.

*Paul Rhodes,* for appellants.

*Herman & Wood,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Morrill County. It involves an action brought by Ted Anest against the Chester B. Brown Company, a corporation, to recover the sum of $1,073.50 as the fair and reasonable market value of 113 bags of beans raised by plaintiff during the crop year of 1956 and placed in storage with the defendant at Bayard, Nebraska, in October 1956. Defendant's answer alleged ownership of all of said beans, except 1.99 hundredweight, to be in Melvin V. Hallgren. The jury returned a verdict for the plaintiff in the sum of $18.91, that being the agreed value of the 1.99 hundredweight of beans admittedly the property of plaintiff and for which the defendant had offered

to pay. Plaintiff filed an alternative motion for either a judgment notwithstanding the verdict or for a new trial and has perfected this appeal from the overruling thereof.

Many contentions are made by appellant Ted Anest, whom we shall refer to herein as appellant, as to why the verdict and judgment entered thereon should be vacated and set aside.

Appellant contends the trial court erred in failing to sustain his motion for judgment by default made on January 27, 1959. The record shows this action was commenced on March 25, 1958. Thereafter, on April 5, 1958, appellee Chester B. Brown Company, defendant below, filed a demurrer to appellant's petition claiming that it failed to state a cause of action. This demurrer the trial court overruled on May 5, 1958, but granted appellee 45 days from that date to further plead. On January 27, 1959, the appellee had failed to further plead and appellant made a motion for judgment by default. This motion was overruled and appellee given leave to answer instanter. This is the ruling complained of.

It has long been the holding of this court, as stated in Blair v. West Point Manufacturing Co., 7 Neb. 146, that: "A party in default may be permitted to answer upon such terms as to the payment of costs as may be prescribed by the court, at any time before the judgment is rendered. And where it is apparent that the party in default has a meritorious defense to the action, the court must permit the answer to be filed. The court cannot deprive a suitor of a substantial right under the plea of the exercise of discretion." See, also, § 25-822, R. R. S. 1943; Clutz v. Carter, 12 Neb. 113, 10 N. W. 541; Haggerty v. Walker, 21 Neb. 596, 33 N. W. 244; Greenwood v. Cobbey, 24 Neb. 648, 39 N. W. 833; Grand Island & W. C. R. R. Co. v. Swinbank, 51 Neb. 521, 71 N. W. 48; Swan v. Bowker, 135 Neb. 405, 281 N. W. 891. As stated in Clutz v. Carter, *supra:* "It is the spirit and policy of the law to give every party an op-

portunity to prosecute or defend his case in court, \* \* \*."
And in Greenwood v. Cobbey, *supra,* we said: "\* \* \*
the fact that the time to answer or reply has expired
has never been held (in this state at least) to preclude
the court or judge from extending the time in which to
file such answer or reply; and where the application is
made in good faith, the fact that the party is in default
will not deprive him of the right."

Such matters rest largely within the discretion of the
trial court, and an abuse of discretion must affirmatively
appear to justify a reversal on such a ground. None is
here shown. In fact, it would have been reversible er-
ror for the trial court to have held otherwise.

The issues to be tried were here fixed by a pretrial
order of January 29, 1959. It provides that: "Pursuant
to stipulation of the parties it is hereby considered,
ordered, adjudged and decreed as follows:

"1. That during the crop year of 1956 the plaintiff,
Ted Anest, by reason of a verbal lease, farmed real
estate described as the West Half of the Northwest Quar-
ter of Section 31, Township 20, North, Range 48, West
of the Sixth P.M., owned by one Melvin V. Hallgren;
that 266.44 hundredweight of beans were raised on said
real estate and delivered to the defendant by the plain-
tiff Ted Anest.

"2. That on or about October 16, 1956, the plaintiff,
Ted Anest, sold and was paid for 86.83 hundredweight
of beans over which there is no dispute. That on or
about October 15, 1956, 66.61 hundredweight of said
beans was set over to Melvin Hallgren, about which
there is no dispute.

"3. That on the 25th day of March, 1958, the price
of beans of the type and quality involved in this case
was $9.50 per hundredweight.

"4. It is the plaintiff's Ted Anest's, contention that
under his lease agreement with the said Melvin V. Hall-
gren he was to pay as rent one/fourth of the beans
raised on said real estate delivered to market, or 66.61

bags of beans; that the entire crop of beans, to-wit: 266.44 hundredweight of beans were delivered to the defendant's warehouse at Bayard, Nebraska, 66.61 hundredweight of which plaintiff paid or set over to the said Melvin V. Hallgren, leaving 199.83 hundredweight of beans belonging to the plaintiff, Ted Anest, 86.83 hundredweight of which have been sold, leaving 113 hundredweight belonging to the plaintiff, Ted Anest.

"5. The defendant contends that two/thirds of 266.43 hundredweight of beans delivered to its warehouse by reason of the lease agreement between the plaintiff, Ted Anest, and the said Melvin V. Hallgren, or 177.62 hundredweight of beans, belonged to the said Melvin V. Hallgren, and 88.82 hundredweight belonged to the plaintiff, Ted Anest; that of said 88.82 hundredweight of beans the plaintiff sold and was paid for 86.83 hundredweight of beans, leaving only 1.99 hundredweight of beans in its possession belonging to the said plaintiff, Ted Anest, for which it is willing to pay at the rate of 9.50 per hundredweight.

"6. The plaintiff, Gust Anest, Jr., contends that he has a lein (sic) on the beans belonging to plaintiff, Ted Anest, which contention is denied by the defendant by reason of want of sufficient information upon which to affirm or deny.

"It is further ordered, considered, adjudged and decreed that Paragraphs 1, 2 and 3 above shall be accepted as true without further proof thereon and that the contentions set out in Paragraphs 4, 5 and 6 are the sole issues in this case and that proof shall be restricted thereto."

In this respect our rules on pretrial procedure provide: "The court shall at the time of the pre-trial hearing make a record of the proceedings which recites the action taken at the conference, * * * that counsel shall forthwith acknowledge their assent thereto, or, in the alternative, state into the record any and all objections they may have thereto; and such order when entered controls the subsequent course of the action, unless modi-

fied at the trial to prevent manifest injustice." Revised Rules of Supreme Court, 1959, Pre-Trial Procedure, p. 35.

No objections were made to this pretrial order, nor was it modified at the trial. It controlled the trial of this case as to the issues in dispute. In view thereof, and the evidence adduced by both parties, instructions No. 5 and No. 7, as given by the court, were proper.

There was competent evidence to support either appellant's or appellee's contention, as stated in the pretrial order, and, in view of that fact, it was a question for a jury to decide as to whose contention was correct. Its finding in that regard, as evidenced by its verdict, is here controlling.

Appellant further complains of the fact that appellee was represented at the trial by counsel for Melvin V. Hallgren and that Hallgren's counsel verified and filed the answer of appellee. He contends this is in violation of section 25-301, R. R. S. 1943, which requires, insofar as here applicable, that "Every action must be prosecuted in the name of the real party in interest," and section 25-823, R. R. S. 1943, which provides that: "Every pleading in a court of record must be subscribed by the party or his attorney."

This is primarily a suit involving the ownership of a crop of beans raised on land owned by Melvin V. Hallgren and, for the crop year of 1956, farmed by appellant. After these beans had been harvested in the fall of 1956 they were, in October of that year, placed in storage with appellee at Bayard, Nebraska. Thereafter a dispute arose between appellant and Hallgren as to the respective interests of each of them therein. That is the issue that was tried in the court below. On October 15, 1957, which was before this suit was brought, Hallgren had sued appellee in the district court for Morrill County for the beans then remaining in storage with it, which included the 113 bags here in dispute. Pursuant thereto an agreement was entered into by Hallgren

and appellee on March 21, 1958, under the terms of which appellee was to turn over to Hallgren all of the beans then remaining in storage with it at Bayard, the latter, in return, agreeing to hold appellee harmless from any and all claims and demands made by appellant or any other person by reason of surrendering the beans to Hallgren. Appellee delivered the beans to Hallgren and the action commenced by Hallgren was dismissed.

Although not raised here by cross-appeal we think, in view of the foregoing, that the trial court was in error when it denied Hallgren's motion, filed on May 7, 1958, that he be substituted as party defendant, see section 25-317, R. R. S. 1943; and when, after permitting Hallgren to file a petition of intervention, it sustained appellant's motion to strike such petition, see section 25-328, R. R. S. 1943.

That Hallgren could continue the action in the name of appellee is provided for by section 25-322, R. R. S. 1943. Insofar as here material, that section provides: "In case of any other transfer of interest, the action may be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action." See, also, Commercial Nat. Bank v. Faser, 99 Neb. 105, 155 N. W. 601; Exchange Elevator Co. v. Marshall, 147 Neb. 48, 22 N. W. 2d 403. We find this contention to be without merit and that Hallgren's counsel could properly prepare, verify, and file pleadings in behalf of Hallgren in the name of appellee and conduct the trial in its behalf. The answer having been properly filed the giving of instruction No. 2 by the court was proper.

Appellant complains of the trial court's failure to give his requested instruction No. 2 which is as follows: "You are hereby instructed that a tenant with a lease to pay rent in crop shares has title to the crop until a division is made the right of property in the crop and possession thereof as to the whole crop is in the tenant." In Sims v. Jones, 54 Neb. 769, 75 N. W. 150, 69 Am.

S. R. 749, this court held that: "Where land is leased and rent reserved in kind or share of the crops to be raised, the landlord and tenant are tenants or owners in common of the growing crops on such land during the life of the lease," and would, of course, remain such until the crop is harvested and divided. See, 15 Am. Jur., Crops, § 51, p. 242; Wendt v. Stewart, 74 Neb. 855, 105 N. W. 550; Northrup v. Bathrick, 80 Neb. 36, 113 N. W. 808; Leis v. Beckmark, 133 Neb. 467, 275 N. W. 679. As held in Leis v. Beckmark, *supra*: "* * * the relation of the parties to each other is that of tenants in common of the crops." We find this contention to be without merit.

Appellant complains of the court's refusal to give his requested instruction No. 4 in view of the evidence of Glen Morris as to what appellant stated in the presence of Morris and Hallgren. Requested instruction No. 4 is as follows: "You are hereby instructed that an offer to compromise shall not be construed as evidence against the plaintiff."

Glen Morris, manager of appellee's business in Bayard, Nebraska, testified that late in the fall of 1956, after the beans had been placed in storage and a dispute had arisen as to the ownership thereof, he got appellant and Hallgren into appellee's place of business in Bayard and at that time appellant told him the balance of the beans, some 111 bags, were Hallgren's beans.

" 'Admissions' in the law of evidence are concessions or voluntary acknowledgments made by a party of the existence of certain facts." Kellner v. Whaley, 148 Neb. 259, 27 N. W. 2d 183. We think the statements of appellant referred to are admissions against interest of appellant, rather than offers to compromise, and that the following is applicable thereto: "Admissions of a party against interest made in court or out of court, with reference to and pertinent to the issues being tried, are admissible in evidence against such party." Anderson

v. Nincehelser, 152 Neb. 857, 43 N. W. 2d 182. This contention is without merit.

Appellant also complains of the fact that he was required to answer as to whether or not he had ever been convicted of a felony, claiming it was error for the court to require him to do so. He answered that he had.

Section 25-1214, R. R. S. 1943, provides: "A witness may be interrogated as to his previous conviction for a felony, but no other proof of such conviction is competent except the record thereof." In Bosteder v. Duling, 115 Neb. 557, 213 N. W. 809, we held the statutory provision applicable in civil cases.

Appellant Gust Anest, Jr., brother of appellant Ted Anest, claimed, under the allegations of the appellant's petition and as evidenced by the issues left undetermined in the pretrial order, that he had a lien on the beans belonging to his brother. This issue was not presented to the jury, apparently because the evidence adduced in support thereof was not sufficient to either determine the amount thereof or that he had a lien. It is not covered in any judgment rendered by the trial court, no motion for new trial was filed in Gust Anest, Jr's., behalf, and no contention is made in regard thereto in appellant's brief. In view thereof, there is no issue in regard thereto before this court.

We have come to the conclusion that none of appellant's contentions have merit and, in view of that finding, affirm the judgment of the trial court.

AFFIRMED.